Opinion by
 

 Hoffman, J.,
 

 These are cross appeals filed by a husband and wife from the order of the lower court awarding the wife $140.00 per week support. The husband contends that the lower court erred in determining that his wife was entitled to support, and the wife contends that order entered in her favor was inadequate. We agree with
 
 *248
 
 the lower court that the wife has met her burden of proof in showing that she is entitled to support. After reviewing all the evidence, however, we do not believe that the award of $140.00 per week was an adequate order.
 

 Appellant-wife commenced this action under The Civil Procedural Support Act, the Act of July 13,1953, P. L. 431, §1, 62 P.S. 2043.31 et seq., and thereafter, two hearings were held before the Honorable Frederick B. Smillie. The evidence presented at these hearings indicated that the parties were married in April of 1965. Appellant-wife had been a widow for twelve years prior to this marriage and was living in England when she first met her second husband, who is an opthamologist. Following their marriage, the parties resided in Bryn Mawr, Pennsylvania. In May, 1967, the parties moved to a combination house and office in Bosemont, Pennsylvania. This property was purchased in 1968 for $75,000, and valued by appellee in June, 1971, at $125,000. The husband also owned two farms in Chester County, which were purchased at a cost of $237,000 and valued by appellee in June, 1971, at $345,-000.
 

 The lower court found that the husband had a net yearly earning capacity of $67,000, and a net worth of $321,000. The lower court also determined that the appellant-wife had an independent income of $1,400 per year.
 

 In making the award of $140.00 per week to the wife, the court gave considerable weight to the fact that the wife had been living in England prior to her marriage, and that the cost of living in England is substantially lower than in the United States. The lower court was also concerned with the fact that the marriage had lasted only six years, and that the parties married comparatively late in life. The hearing judge
 
 *249
 
 in Ms opinion stated that “[w]e do not believe the support laws contemplate that an order should regard the seizure of a comfortable accumulation of worldly goods through the media of marriage. Surely the winter of life can be made less severe with an adequate income without penalizing the wise frugality of many prior unshared years.”
 

 In
 
 Commonwealth ex rel. Fryling v. Fryling,
 
 220 Pa. Superior Ct. 68, 70-71, 283 A. 2d 726 (1971), our Court stated that
 
 “
 
 ‘[i]t is well settled that the purpose of a support order is to secure such an allowance to the wife and child as is reasonable, having in mind the husband’s property and earning capacity and the station in life of the parties.’ Commonwealth ex rel. Kallen v. Kallen, 200 Pa. Superior Ct. 507, 508-509, 190 A. 2d 175, 176 (1963). In considering whether an order should be remitted, reduced, or increased under the provisions of the support laws [footnote omitted], the court must take into consideration all relevant factors, and deal with the order as the case may warrant. However, it is also well settled that the Superior Court may modify a judgment and enter such order as it may deem proper, [citations omitted].”
 

 Our Supreme Court considered a situation analogous to that in the instant case in
 
 Commonwealth ex rel. Gitman v. Gitman,
 
 428 Pa. 387, 237 A. 2d 181 (1967). The Court stated in
 
 Gitman
 
 that “[i]nstead of comparing Mrs. Hitman’s mode of living with her husband at the time they lived together, with the straits to which she was reduced after they separated, the court compared her lot in life before marriage with the opulent state into which she moved on marriage.”
 
 Commonwealth ex rel. Gitman v. Gitman,
 
 supra at 395. “A man who elevates a girl, through marriage, to the plateau of a comfortable and even a richly elegant living, may not, when they separate topple her into a base
 
 *250
 
 economic state on the theory that she is now no worse off than before she accompanied him to the marriage altar. It is the standard of living to which a family becomes accustomed that governs the calculation of a proper support order, consistent, of course, always, with the husband-father’s income and assets. Even a few years can permit one to become accustomed to a standard of living not previously experienced.”
 
 Commonwealth ex rel. Gitman v. Gitman,
 
 supra at 395-96.
 

 In determining the amount of support due a wife, it has long been the law of Pennsylvania that the maximum payment a wife may receive is one-third of her husband’s income.
 
 Commonwealth ex rel. Lipsky v. Lipsky,
 
 214 Pa. Superior Ct. 215, 251 A. 2d 729 (1969). “The one-third rule is to be used only to determine the ceiling or lawful maximum of support for a wife but is not intended as a measure of what will furnish adequate support and maintenance, [citations omitted].”
 
 Commonwealth ex rel. Taylor v. Taylor,
 
 193 Pa. Superior Ct. 519, 523, 165 A. 2d 394 (1960).
 

 We do not believe that the lower court should have applied the one-third rule to determine an appropriate order for the wife. The lower court, however, should have entered an order which would have allowed the wife to share the husband’s comforts and conveniences which his financial status assures him.
 

 After the initial hearing the lower court made a temporary order awarding appellant $100.00 per week from the date of the hearing. The judge refused to make the order retroactive to the date of the filing of the complaint. In his opinion and in his order the judge has not stated any reason for his denial of appellant-wife’s request to make the order retroactive. The Civil Procedural Support Act provides that “[a]n order of support may be made effective from the date of the filing of the complaint.” The complaint in the in-
 
 *251
 
 slant case was brought under The Civil Procedural Support Act, and the order therefore, may date from the filing of the complaint.
 
 Commonwealth ex rel. Slossberg v. Slossberg,
 
 208 Pa. Superior Ct. 419, 222 A. 2d 490 (1966). A review of the evidence discloses no reason why the order should not be made retroactive.
 

 For the above reasons we order that the payment to appellant-wife be increased to |225.00 per week retroactive to June 15, 1971, subject to proper credit for payments made since then, and as thus amended the order of the lower court is affirmed.
 

 Jacobs, J., would affirm the order of the court below.