## Commonwealth ex rel. Bishop, Appellant, *v.* Bishop.

Argued March 24, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert F. Ruehl,* with him *Power, Bowen & Valimont,* for appellant.

No appearance entered nor brief submitted for appellee.

OPINION BY HOFFMAN, J., June 24, 1975:

Appellant-wife contends that she is entitled to support payments retroactive to the filing of her complaint under the Civil Procedural Support Law[1] and that the lower court abused its discretion in entering an inadequate support order.

---

1. Act of 1953, July 13, P.L. 431, §1 et seq.; 62 P.S. §2043.31 et seq.

On March 5, 1974, Marilyn Bishop (hereinafter "wife") filed a complaint in the Bucks County Court of Common Pleas. She requested that her husband, Howard Bishop, (hereinafter "husband"), be ordered to make support payments for her and her four minor children. Thereafter, pursuant to Bucks County Rule of Criminal Procedure 5001, a mandatory conference was held on April 17, 1974, before a Domestic Relations Officer. The Domestic Relations Officer compiled the following data:

| | |
|---|---|
| the husband's net weekly income | $369.63 |
| the husband's weekly expenses | $260.93 |
| the wife's net weekly income | $ 36.99 |
| the wife's net weekly expenses | $341.50 |

The officer recommended a support order in the amount of $185.00 per week.

On August 1, 1974, the matter was heard in the Court of Common Pleas. At the hearing, the wife testified that because her health was impaired, she was no longer employed and that her weekly expenses had increased to $380.84 since the April conference. It was not disputed that since the date of separation, February 1, 1974, the husband had given the wife only $1240.00, initially in four weekly installments of $185.00 and then in a lump sum of $500 in March. Further, between February and August, the husband made no mortgage payments on their jointly-owned Doylestown home, thereby permitting arrearages in the amount of $1311.78.

At the time of the hearing, the husband was employed by Sperry-Remington in Blue Bell, Montgomery County. He was a general manager of Dealer and Consumer Sales, and earned $29,000.00 per year. The wife attempted to prove at the hearing that his submitted net income was understated because "[h]e travels about 75 percent of the time. When he travels he is on a complete expense account,"[2] and because he had the accounting department

---

2. The statement was thereafter objected to and stricken from the record.

at Sperry-Remington withhold artificially high tax deductions from his paycheck.

The husband stated that the accounting department recommended the increased deductions because he would no longer be able to file a joint return after the separation and because, if he successfully sold the Doylestown home, he would no longer have tax deductions based on substantial interest payments. According to the husband, he did not make mortgage payments because the wife refused to give him half of the funds from their joint savings and checking accounts.

After all the testimony was presented, the court entered the following order:

"The Court orders and directs that the defendant Howard Bishop pay the costs of prosecution; that he pay to the mortgagee the current mortgage payments of $75 a week; that he pay to the Bucks County Desertion and Support Officer the sum of $135 per week each and every week toward the support of his wife and four children." Counsel for the wife requested that the order be made retroactive to the date that the complaint was filed. The court denied the request. The wife appeals that denial and also contends that the court below based its support order on an erroneous calculation of the husband's net income.

The Pennsylvania Procedural Support Law, supra, 62 P.S. §2043.37 (a) provides that "An order of support may be made effective from the date of the filing of the complaint." The section alleviates hardship on a party who is entitled to support but who is required to proceed through the often slow-moving judicial process. Further, it creates disincentive for the party liable for support to use dilatory tactics.

In a similar context, we reversed a lower court that failed to order retroactive support payments: "In his opinion and in his order the judge has not stated any reason for his denial of appellant-wife's request to make

the order retroactive. . . . The complaint in the instant case was brought under the Civil Procedural Support Act, and the order therefore, may date from the filing of the complaint. *Commonwealth ex rel. Slossberg v. Slossberg,* 208 Pa. Superior Ct. 419, 222 A. 2d 490 (1966). A review of the evidence discloses no reason why the order should not be made retroactive." *McGavic v. McGavic,* 222 Pa. Superior Ct. 246, 250-251, 294 A. 2d 795, 798 (1972).

The lower court's opinion in the instant case does not address itself to the issue of retroactivity. Therefore, we can only surmise what evidence the court relied on in denying the wife's request. The record is clear that the mortgage payments had not been made at the time of the hearing. Nor did the husband claim to have paid more than $1240.00 in support payments during the six months between the filing of the complaint and the date of the hearing. The husband attempted to explain his refusal to contribute fully to his family's support during that period:

". . . we had agreed initially to make this whole thing a very amicable thing. My wife's response to the amicability was to take all of the savings accounts. We went a couple of months where we were trying to work out an agreement. We worked out a tentative agreement where I would provide so much per month with the understanding that we would split the bank accounts. So I came to the house with my checkbook and found out the bank accounts were gone. . . .

". . . I began paying regular payments that the Domestic Relations Officer suggested on the basis again that we would split the accounts.

"After five weeks I became convinced that he had no intention of doing that. I computed the amount of cash that he had available and said she does have support. I added to that the amount of support that I had paid. I computed what my half of the checking and savings accounts would be, added to that the bills that I paid or

recognized an obligation for that were incurred before February 1."

Our Court addressed a germane issue in *Commonwealth ex rel. Roviello v. Roviello*, 229 Pa. Superior Ct. 428, 323 A. 2d 766 (1974). In *Roviello*, the lower court's order committed the parties to an agreement that amounted to a property settlement. We noted that "[t]he lower court is statutorily granted the power to '. . . order the [husband] . . . to pay such sum as said court shall think reasonable and proper for the comfortable support and maintenance of the said wife or children, or both . . . .' Act of December 6, 1972, P.L. 1482, No. 334, §1 (18 Pa. C.S. §4322(b)) . . . .

". . . [A] support action may not serve as an action to divide or distribute the husband's estate. This court has often noted that a proceeding for support cannot be used for the purpose of securing a wife's share of her husband's estate . . . *Thus, a court is without jurisdiction in a support action to direct an accounting of funds in which the wife has an interest. . . .* [citing extensive authority]." 229 Pa. Superior Ct. at 435-436, 323 A. 2d at 770-771. (Emphasis added).

Further, under proper circumstances, a husband or wife is entitled to bring an action, independent of a support proceeding, to secure an accounting and division of property or funds held as tenants by the entirety. See *Reifschneider v. Reifschneider*, 413 Pa. 342, 196 A. 2d 324 (1964) ; *Stemniski v. Stemniski*, 403 Pa. 38, 169 A. 2d 51 (1961) ; cf. *Brandt v. Hershey*, 198 Pa. Superior Ct. 539, 182 A. 2d 219 (1962).

The husband in the instant case does not contend that the wife used the money from the joint accounts to pay the mortgage, thereby using it for their mutual benefit. "Where both husband and wife have the power to withdraw property held by the entireties, the power must be exercised in good faith for the mutual benefit of both . . . . If one spouse appropriates entireties property to

his own use, a revocation of the estate results by virtue of the fiction that the appropriation is an offer of an agreement to destroy the estate which the other spouse accepts by instituting an action." *Reifschneider,* supra, at 344, 196 A. 2d at 325-326.

Thus, if the lower court refused the wife's request for retroactive support because she had access to jointly owned funds, his denial would amount by necessary implication to a division of that property. This the court was not free to do. We find no other evidence of record that would justify a denial of the wife's request.

The wife also contends that the lower court abused its discretion in entering an inadequate support order.

We disagree. The purpose of the order for support is to assure the party requiring support a reasonable living allowance. It is true, as asserted by the wife, that "[i]f the husband-father can afford for himself a caviar-champagne standard of living, it is not justice, nor legal, that the wife should be content with a tent and bread-and-butter menu for herself and brood. Dignity of living, commensurate with income, is as much a necessity as the bare essentials for survival." *Commonwealth ex rel. Gitman v. Gitman,* 428 Pa. 387, 394, 237 A. 2d 181, 185 (1967). See also *McGavic,* supra. But a support order is not a vehicle for punishing the party who must pay support; thus a court must make due allowance for that party's reasonable living expenses. *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer,* 226 Pa. Superior Ct. 301, 310 A. 2d 672 (1973).

Initially we are satisfied that the lower court did not abuse its discretion when it accepted the husband's testimony concerning his projected 1974 income. The husband increased the amount of his weekly salary deduction because of the tax consequences of his changed marital status, (See *Internal Revenue Code,* §143 (a) (2)) and because of the possibility of the sale of his home. Further, the court ordered the husband to pay a total of $210.00

per week, over half of the husband's available income. We find the amount to be reasonable under all the circumstances, and thus, not an abuse of discretion.

In view of our decision, we remand to the court below for a modification of the order to require its retroactive application. As so modified, the order is affirmed.