## Commonwealth v. Kegel

*W. Robert Landis*, for relator.
*Robert J. Shenkin*, for defendant.

WALSH, *J.*, June 28, 1976—This is a proceeding under the intrastate provision, 62 P.S. §2043-35, of the Revised Uniform Reciprocal Enforcement of Support Act (1968), Act of December 6, 1972, P.L. 1365 (No. 291), 62 P.S. §2043-1 et seq. A complaint was filed by respondent's wife on behalf of herself

and the couple's four children whose ages range from five years to 13 years. Although the spouses are domiciled in different counties, both have been present in this court throughout the proceedings.

Pursuant to local court rule, the parties attended a mandatory conference before a domestic relations officer on January 13, 1976, at which time written statements of each party's expenses, income and assets were filed. The domestic relations officer computed the following income and expenses:

|  | *Husband* | *Wife and Children* |
|---|---|---|
| Net weekly income | $259.23 | $123.00 (wife) |
| Net weekly expenses | 239.27 | 263.79 |

The wife's assets were listed as $60,000, representing her interest in real estate owned jointly with her mother. The husband's assets were listed as a late model Oldsmobile and bank accounts of a negligible amount. The recommendation of the domestic relations officer was that respondent pay $96 per week toward the support of his four children, $15 per week toward the support of his wife, and that he maintain medical and hospitalization benefits for all claimants.

Following a full hearing on April 2, 1976, this court entered an order in the sum of $130 per week for the wife and four children, retroactive to September 18, 1975, the date on which the complaint was filed. Respondent husband has appealed.

Pursuant to local rule, appellant has submitted to the hearing judge the following statement of the matters complained of and intended to be argued on appeal:

"It is our position that the Court erred in fixing the amount of the support order and in making that

order retroactive in the same amount to the date of the filing of the petition. We contend that it was either an error of law or an abuse of discretion to consider expenses which the complainant testified she would have in the future, but did not presently have. More significantly, we contend it was error and an abuse of discretion to make that order retroactive when it was undisputed that the complainant did not have those expenses (particularly rent) during the period prior to the hearing before Your Honor. We further contend that it was error to fix the support order in an amount which, together with complainant's earnings, exceeds complainant's expenses."

In considering first whether the amount of the order is excessive, we look to the guiding principle that the purpose of a support order is to assure the party requiring support a reasonable living allowance commensurate with respondent's ability to pay. A support order is not a vehicle for punishing the party who must pay support, and the court must make due allowance for that party's reasonable living expenses: Com. ex rel. Hauptfuhrer v. Hauptfuhrer, 226 Pa. Superior Ct. 301, 310 A. 2d 672 (1973). A mother as well as a father has a duty to support her children: Com. ex rel. Kaplan v. Kaplan, 236 Pa. Superior Ct. 26, 344 A. 2d 578 (1975).

The customary mode of living of the parties at the time of the separation is to be considered. The evidence in the case before us is that in July 1975 when the husband separated himself from his family, the parties were living in a house on 10 acres of ground in Chester County which the wife's mother had purchased some years earlier following the death of her husband. She wished to be near the grandchildren, and she titled the property in the names of

herself and the parties, having in mind that respondent would maintain the property. He did so until the separation. After that event, the grandmother requested the parties to relinquish their interest in order that she might sell or rent the place because she could not maintain it under the existing circumstances. At the date of hearing, plaintiff had no legal interest in the house. She and the couple's four children were, in effect, being subsidized by grandmother Kerns.

At the hearing in this court, complainant amended her list of expense needs by the following additions over and above the amounts offered at the mandatory conference three months earlier:

| | |
|---|---|
| Additional rent | $23.09 weekly |
| Auto loan | 17.55 weekly |
| Auto insurance | 5.54 weekly |
| Child care | 28.84 weekly |

Appellant contends that the hearing judge erred in considering expenses which complainant testified she would have in the future but did not presently have. Of course, the law requires that the order be based on the circumstances existing at the time of hearing. We feel this was done. The fact that complainant was not actually paying rent and child care expense because of lack of funds should not inure to the benefit of respondent. To be unnecessarily dependent on her mother is demeaning. Dignity of living commensurate with income is as much a necessity as the bare essentials for survival: Com. ex rel. Gitman v. Gitman, 428 Pa. 387, 394, 237 A. 2d 181 (1967). As to the additional items for the auto loan and insurance, the evidence is that respondent stopped payments in January 1976.

We feel that the amount of the order is reasonable, having considered the wife's earnings. The

order of $130 per week amounts to approximately one-half of the husband's net income. This is not excessive under all the circumstances: Com. ex rel. Bishop v. Bishop, 234 Pa. Superior Ct. 600, 341 A. 2d 153 (1975).

An order of support may be made effective from the date of the filing of the complaint.* The Superior Court has said:

"The section alleviates hardship on a party who is entitled to support but who is required to proceed through the often slow-moving judicial process. Further, it creates disincentive for the party liable for support to use dilatory tactics." Com. ex rel. Bishop v. Bishop, supra, at page 603.

Appellant has not contended that a proper order may not be made retroactive. Rather he contends, if we understand his position correctly, that this may not be done if the court has considered expenses of plaintiff which existed at the time of hearing but not prior thereto. We do not believe that the legislature intended such a limitation, but the question need not detain us because we are of the opinion that plaintiff's needs as stated at the hearing were essentially the same throughout the period from the day in July 1975, when respondent left his family down to the date of hearing. Although it is true that respondent was making loan payments to creditors for a portion of that period, he sent no money to the family except one check in the sum of $132.50 at about the time he left.

*Act of July 13, 1953, P.L. 431, sec. 7, 62 P.S. §2043.37(a). Act of December 6, 1972, P.L. 365 (No. 291), 62 P.S. §2043-5.