419 A.2d 708

**COMMONWEALTH ex rel. Cheryl Dawn KINSEY and Kristie Lynn Kinsey by Lynne D. Kinsey**

v.

**Ronald S. KINSEY.**

**Appeal of Lynne D. KINSEY.**

Superior Court of Pennsylvania.

Argued Sept. 12, 1979.

Filed April 25, 1980.

Jerome B. Nulty, Souderton, for appellant.

Robert A. Naragon, Doylestown, for appellee.

Before CERCONE, President Judge, and CAVANAUGH and HOFFMAN, JJ.

CERCONE, President Judge:

Appellant, Lynne Kinsey, appeals from the order of the lower court which awarded support for her and her two minor children in the amount of $150 per week. We affirm the order of the lower court.

The parties, Lynne and Ronald Kinsey, are husband and wife, having been married in 1965. At the time of the support hearing, they had two minor children as a result of their marriage. Appellant filed a petition for the support of her two minor children and herself on July 11, 1978 while the parties still resided within the same household. The complaint alleged that the husband had "embarked on a course of conduct designed and intended to force the complainant into permitting the defendant to obtain an uncontested divorce," and that he had reduced the support of the wife and children to the point where they could no longer "cope financially." Around August 1, 1978, Mrs. Kinsey and her two children left the marital domicile and went to her mother's home for what she called "a vacation." Pursuant to Pa.R.C.P. 5001, a settlement conference was conducted in

the Domestic Relations Court on August 8, 1978, but no formal agreement was reached.

Sometime after this, Mrs. Kinsey's "vacation" became a "separation," and the hearing on the support petition was held on October 25, 1978. Mrs. Kinsey could not testify to a specific date when the separation occurred and was precluded from moving back into the marital home since an adult woman and her four children had taken residence with Mr. Kinsey. At the hearing, Mrs. Kinsey alleged that her weekly expenses for the support of her two children and herself totalled $324.00. However, on cross–examination, Mrs. Kinsey admitted that she was living at her mother's home at the time of the hearing and paying twenty–five dollars a week rent and no other household expenses such as utilities or repairs. This differed from the prior statement of expenses she had submitted to the Domestic Relations Court and testimony at the hearing that had estimated her monthly rent expense at $300, telephone at $15.00 per month, repairs at $20.00 per month and property insurance at $173.00 per month. Mrs. Kinsey was employed as a secretary at Grand View Hospital earning approximately $171.23 net every two weeks. She received certain benefits from her job such as the right to purchase prescription drugs for herself at cost, which was an important factor since Mrs. Kinsey had suffered a nervous breakdown and was required to take several prescription drugs. There was disputed testimony as to the purchase of a car Mrs. Kinsey used until September 11, 1978 when Mr. Kinsey had it towed from the parking lot where Mrs. Kinsey worked. However, it was undisputed that Mr. Kinsey closed all joint credit accounts in July 1978 and had paid the sum of $270.00 sometime in September specifically for the children's school clothes.

Mr. Kinsey did not contest his support liability and admitted that an adult woman and her four children presently resided with him. He insisted that his list of weekly expenses totalling $266.45 did not reflect any monies he spent for their food or other expenses. Mr. Kinsey was employed as a truck driver for the Pillsbury Company with a gross

weekly pay of approximately $602.57.[1] Mr. Kinsey admitted that he could afford $100.00 per week for a support payment and had so agreed as of August 8, 1978, the date of the domestic relations conference, but he did not make any such payments because he was not bound to do so by the court.

On the basis of this evidence, the hearing judge awarded the wife and children an order of $150.00 each week. The judge refused to make the order retroactive from the date of the filing of the complaint since he felt the evidence was insufficient to suggest retroactivity. On appeal, appellant raises two major issues for our review: first, whether the support award was adequate; and second, whether the trial judge erred in refusing to make the award retroactive.[2]

■■■■ Initially, we note that our standard of review in support cases is limited, and a support order, if supported by competent evidence, will not be reversed absent an abuse of discretion by the lower court. *Commonwealth ex rel. Littman v. Littman*, 260 Pa.Super. 97, 393 A.2d 1030 (1978); *Commonwealth ex rel. Turner v. Turner*, 258 Pa.Super. 388, 392 A.2d 848 (1978). In the instant case, we conclude that the lower court did not abuse its discretion in making the support award and that it is adequate under the circumstances. Mr. Kinsey did not dispute his liability to support his wife and children. However, the duty to support minor

1. Mr. Kinsey's net pay per week was $454.47 although there was a question on the number of dependents he was claiming and whether he would be entitled to a refund. The hearing judge refused to rule on the point and accepted the federal withholding tax at face value.

2. Appellant raises the third issue of whether the lower court erred in receiving secret evidence and refusing to divulge it to counsel at the support hearing. By order of our court, this case was remanded to supplement the record to include the "secret" evidence, which was a short letter of the domestic relations officer on the case directed to the hearing judge and recommending a possible support order amount for the judge's consideration. The letter did not contain any substantive information that may have affected the parties' presentation of their cases and no one agreed as to whether this letter was ever requested at the hearing. A sidebar conference was held off the record in which reference may have been made to this. On the basis of the content of the letter we conclude there was no error committed by the trial judge.

children is equally shared by both parents. *Conway v. Dana,* 456 Pa. 536, 318 A.2d 324 (1974). Thus, Mrs. Kinsey's earning capacity was a factor for the hearing judge to consider. Mrs. Kinsey's living expenses were substantially decreased by her living arrangement in her mother's home which was another factor the court could consider as a circumstance prevailing at the time of this hearing. The purpose of a support order is to provide a reasonable living allowance for a spouse and not to punish the supporting spouse. *Commonwealth ex rel. Burns v. Burns,* 251 Pa.Super. 393, 380 A.2d 837 (1977). Based on the totality of the evidence presented, the award of $150.00 per week is reasonable and will not be disturbed.

Appellant's second contention rests upon the statutory language of the Pennsylvania Civil Procedural Support Law, as re–enacted.[3] The statute provides:

"Effective date.–An order of support may be made effective from the date of the filing of the complaint." 42 Pa.C.S. § 6706(a).

■ Our case law provides that among the reasons for allowing the retroactivity of a support order is to "alleviate hardship on a party who is entitled to support but who is required to proceed through the often slow–moving judicial process. Further, it creates disincentive for the party liable for support to use dilatory tactics." *Commonwealth ex rel. Bishop v. Bishop,* 234 Pa.Super. 600, 603, 341 A.2d 153, 155 (1975). In *Bishop,* our court reversed an order refusing to make a support award retroactive because the hearing court did not state its reason for its refusal and the only reason the Superior Court could surmise from the evidence was not a valid one. See also *McGavic v. McGavic,* 222 Pa.Super. 246, 294 A.2d 795 (1972). In the instant case, the hearing judge distinctly addressed the issue of retroactivity and reasoned that:

**3.** Previously, 62 P.S. § 2043.37, *repealed* April 28, 1978, P.L. 202, No. 53, § 2(a)[1291], effective June 27, 1978. *See now* 42 Pa.C.S. § 6706 (1979 Pamphlet).

"The petition in this case was filed on July 11, 1978 and the preliminary order directing a conference before domestic relations officer was signed on July 21, 1978. At the time of the filing of the complaint the appellant and her two children were residing in the jointly owned home and it was alleged that the appellee resided there occasionally. The domestic relations conference was held on August 8, 1978 and the report submitted by the domestic relations officer, based on the information furnished by the parties, revealed that they were residing at the common marital residence as of that time. At the hearing it was established that the appellant and the two children left the residence, apparently but not clearly, on approximately August 1, 1978 for the purpose of a vacation. At some time subsequent thereto that vacation developed into the ultimate separation. There is no evidence in this record to reveal when the actual separation occurred. It is likewise established that during the month of September, 1978 the appellee gave appellant approximately $270.00 for the purpose of maintenance and support. There is no evidence to reveal that during the time that the parties continued to reside together either before or after the filing of the petition itself the appellee failed at least to contribute to the support of his wife and children. It should be obvious that he continued to contribute the costs of maintaining the marital home including such items as mortgage, taxes and utilities. Because of the vagueness of the record in these respects . . . the record presented an insufficient basis upon which to enter a retroactive order and further . . . there was no evidence upon which to establish the date from which the order should become effective other than the date on which it was entered."

We hold these reasons were sufficient to deny the retroactivity of the order in the instant case and therefore no error occurred.

Order of the lower court affirmed.