465 A.2d 673

**Patricia SHOVLIN, Appellant**

v.

**Dennis SHOVLIN.**

Superior Court of Pennsylvania.

Submitted May 20, 1983.

Filed Sept. 9, 1983.

Joseph P. Giovannini, Jr., Wilkes-Barre, for appellant.

Nancy A. Shupnik, Wilkes-Barre, for appellee.

Before HESTER, BROSKY and BECK, JJ.

BROSKY, Judge:

This appeal is from an order increasing the amount of support to be paid to appellant by appellee. Appellant raises three properly preserved issues. First, she states that the increase should have been made retroactive to the date of the filing of the complaint seeking an increase. Second, she contends that appellee should not have been given credit, to be applied to the new support obligation, for payments made in excess of the old support order. Third, appellant argues that the amount of the increase was insufficient. We agree with appellant's first point and

reverse as to it. The order is affirmed, however, as to its amount, and is remanded for computation as to the net amount of credit in view of the retroactive effective date to be given to the increase and for a fair distribution over time of such credit (or deficit).

The procedural history of this case can be briefly summarized. A support order in the amount of $40.80 per week was entered in 1975. On January 30, 1980, appellant filed a complaint seeking an increase in the amount of the support order to $150 bi-weekly for their children aged 7 and 6. After a Master's Hearing and Report, to which Exceptions were filed, on August 11, 1981, the court entered an order directing that the support be increased to $135 bi-weekly; that the order be effective as of March 16, 1981; and that appellant was given $4,318 credit for payments made by him, through the Probation Office, in excess of the initial support order.

\* \* \*

█ The first issue which we will consider is whether there was error in making the support order effective on March 16, 1981, four days after the Master's Hearing, and in not making it retroactive to the filing of the request for an increase, some 14 months earlier.

The applicable statutory law at the time the order was entered was 42 Pa.C.S.A. § 6706(a).

> An order of support may be made effective from the date of the filing of the complaint.[1]

Also in effect at the time the order was entered is Pa.R.Civ.P. 1910.17(a).

> An order of support shall be effective from the date of the filing of the complaint unless the order specifies otherwise.

It is apparent that neither the statute nor the rule require that the support order be retroactive. Nor, on the other hand, do they offer any guidance in deciding when an order should be retroactive. The case law on the subject does, however, provide some help in this regard.

---

1. This portion was deleted in a later amendment to the statute.

Referring to the pre-codification version of the statute quoted above,[2] Judge Hoffman of this court wrote:

> The section alleviates hardship on a party who is entitled to support but who is required to proceed through the often slow-moving judicial process. Further, it creates disincentive for the party liable for support to use dilatory tactics.

*Commonwealth ex rel. Bishop v. Bishop,* 234 Pa.Super. 600 at 603, 341 A.2d 153 at 155 (1975).

The opinion states that access to jointly held property would not be a proper reason for not making the order retroactive. It then concludes its treatment of this issue with the following sentence.

> We find no other evidence of record that would *justify* a denial of the wife's request.

*Id.,* 234 Pa.Superior Ct. at 606, 341 A.2d at 156 (emphasis supplied).

The phrasing used certainly suggests that the presumption is that the order should be made retroactive and that specific and appropriate reasons must be supplied to justify non-retroactivity. An earlier case by Judge Hoffman supports this interpretation. "A review of the evidence discloses no reason why the order should not be made retroactive." *McGavic v. McGavic,* 222 Pa.Super. 246 at 251, 294 A.2d 795 at 798 (1972).[3]

The Master's Report recommended that the support order be made effective on March 16, 1981. No reasons were given for that recommendation, however. That recommen-

2. 62 P.S. § 2043.37.

3. A later opinion out of this court, *Commonwealth ex rel. Kinsey v. Kinsey,* 277 Pa.Super. 156, 419 A.2d 708 (1980), does not contradict this bias in favor of retroactivity. While the decision of the court below denying retroactivity was affirmed, it was explained at length that "the record presented an insufficient basis upon which to enter a retroactive order..." *Id.,* 277 Pa.Superior Ct. at 161, 419 A.2d at 711. The record did not disclose "when the actual separation occurred" or to what degree support had been provided informally. These factors are not present in the case *sub judice.*

dation was incorporated in the Order issued by the court below. The opinion of that court also provides no insight into the reasons the order was not made fully retroactive.[4]

Given the absence of any Master's Report or lower court rationale for the non-retroactivity; given the absence of any reason for it which we can independently discover in the record; and given the sound policy reasons in favor of retroactivity, quoted above [5]—we find that the court below erred in not making the increase in the support order retroactive to the date of the filing of the complaint. Therefore, we reverse that portion of the support order and amend it to be effective as of January 30, 1980.

\* \* \*

█ Appellant's second issue challenges the appellee being given credit, to be applied to his increased support obligation, for payments made in excess of the initial support order. On this issue we affirm.

While excess payments are normally considered gratuitous and do not form the basis for credit, the court below found otherwise. This finding will not be disturbed absent an abuse of discretion—and we do not think that, under the facts of this case, that an abuse of discretion exists.

If the increased support order is to be given full retroactive effect, as it will be here, and, at the same time, appellee were not given credit for the amount he has already contributed voluntarily toward the increased support amount—appellant would then receive a windfall amount of total payments in excess of the amount mandated by the modified support order. We can apprehend no basis for the receipt of such an excess amount of support.

\* \* \*

4. The opinion of the trial court is quoted below in its entirety: "The reasons for the Court Decision in the above captioned matter are contained in the Master's Report which was approved and accepted by the court."

5. Those reasons are particularly apropos where, as here, there was a 14 month delay in the courts between the filing of the complaint and the holding of a hearing on the matter, and a 19 month period before the order was entered.

■ Appellant's last issue concerns the amount of the increased order. She argues that it is insufficient. We note that she requested an increase from $81.60 bi-weekly to $150 bi-weekly and received an increase to $135 bi-weekly.

■ Our scope of appellate review is quite limited here. We can reverse only if we find that the order cannot be sustained on any valid ground. *Commonwealth ex rel. Hartranft v. Hartranft,* 267 Pa.Super. 572, 407 A.2d 389 (1979). Viewing the somewhat limited record before us, we do not conclude that the court below abused its discretion in setting the amount of the support order. *Id.,* 267 Pa.Superior Ct. at 575, 407 A.2d at 390.

As to the amount of the support order we affirm. With regard to the retroactive effect of the increased support order we reverse and give the order retroactive effect dating from January 20, 1980. As to whether credit should be given for voluntary payments in excess of the initial support order, we find that credit should be given and affirm the order. Finally, we remand for computation of and appropriate apportionment over time of any net credit or deficit vis-a-vis appellee. Jurisdiction relinquished.