## Sorber v. Sorber (No. 2)

*Jon A. Barkman,* for plaintiff.
*Frederick F. Coffroth,* for defendant.

COFFROTH, *P.J.,* June 18, 1984—We have for consideration the motion of the (former) wife for rehearing or reconsideration of our amended order of May 22, 1984, for alimony pendente lite, expressly made effective June 15, 1984, on the ground of our failure in the opinion accompanying that order, to "decide or even discuss the matter of arrearages of support payments . . . for the period beginning

June 20, 1983 [date of filing the support complaint] running through June 15, 1984."

The motion is denied on the basis of the following propositions:

1. The assertion in the motion that there are arrearages of support or alimony pendente lite is incorrect. Arrearages are moneys due and unpaid under a support or alimony order; there is no such order in this case other than the instant order of May 22nd. Compare Commonwealth ex rel Ankney v. Ankney, 40 Somerset L.J. 220 (1980). This motion is directed to plaintiff's claim for a retroactive order for support or temporary alimony, which the present amended order effectively denied by virtue of being made expressly effective prospectively only (from June 15, 1984).

2. A support order may be made retroactive to (but not beyond) the date of filing the support complaint, in the discretion of the court. Judicial Code §6706(a), 42 Pa.C.S. provides as follows:

"An order of support may be made effective from the date of the filing of the complaint." See also Commonwealth v. Deffenbaugh, 34 Somerset L.J. 245, 247 note [1] (1977). Civil Rule 1910.17(a) further states:

"An order of support shall be effective from the date of filing of the complaint unless the order specifies otherwise."

A panel of the Superior Court has recently held that Rule 1910.17(a) supra establishes a presumption that support orders shall, as a matter of law, be retroactive unless the trial court articulates adequate reason for denial of retroactivity. Shovlin v. Shovlin, 318 Pa. Super. 516, 465 A.2d 673 (1983).

3. Section 502 of the Divorce Code, 23 P.S. Appendix, provides as follows:

"The court may, upon petition, in proper cases, allow a spouse reasonable alimony pendente lite and reasonable counsel fees and expenses."

Section 46 of the prior Divorce Law, as amended, 23 P.S. §46, contains substantially the same language. Retroactivity of orders for alimony pendente lite is not mentioned in either statute, nor in the procedural rules governing divorce and annulment actions, nor do the appellate cases announce any clear rule to be followed governing retroactivity. Compare Hanson v. Hanson, 177 Pa. Super. 384, 110 A.2d 750 (1955); Baumgardner v. Baumgardner, 29 Somerset L.J. 222 (1974). The general rule is stated in PLE, Divorce §152, that an order for alimony pendente lite

". . . may be made to relate back to the filing of the petition therefor, but will not do so where any delay in the prosecution was caused by the wife [spouse], and may not relate back beyond the date on which the petition was filed."

4. The suggestion in the pending motion that the order (and amended order) for alimony pendente lite were, or may have been, denied retroactivity on the assumption that plaintiff's counsel waived retroactivity, is incorrect. The order was made prospective in the deliberate exercise of judicial discretion for the reason that, doing otherwise would merely repay to plaintiff her savings spent for her maintenance between the date of the complaint and the effective date of the order and is not needed to repay borrowing or debt; hence, plaintiff is not entitled to such repayment by retroactivity, notwithstanding that a substantial factor for making the award was to stem the continued and possibly prolonged drain on plaintiff's limited savings under the circumstances of substantial inequality of resources as between the parties.

## ORDER

Now, June 18, 1984, plaintiff's motion for rehearing or reconsideration is denied.