## Kuhns v. Kuhns

*Stuart A. Cilo,* for plaintiff.
*T. Max Hall,* for defendant.

SMITH, *J.,* April 25, 1985—Plaintiff has taken exceptions to the order of the master requiring him to pay child support and alimony pendente lite. In Lycoming County the court hears the request for alimony pendente lite and support de novo after exceptions are taken to a master's decision. Lyc. Co. R.C.P. L1920.55A. In this case, the parties have stipulated to the facts and plaintiff's exceptions are limited to the issue of whether alimony can be granted retroactively.

While the order granting alimony pendente lite was combined with the order granting child support, no exceptions were taken to the child support aspect of the order. Thus, the order of the master directing the payment of child support, which was entered by the court on November 29, 1984, is effective today and has been effective since the date the court entered the order.

The court finds, after reviewing the stipulated facts and the decision of the master, that the master properly awarded the wife $175 per month as alimony pendente lite after January, 1985, and $150 per month prior to that time. Thus, the court will enter an order requiring the payment of these amounts as alimony pendente lite.

The issue which plaintiff is pursuing is whether alimony pendente lite is properly awarded retroactive to the date of the request for the award of alimony pendente lite. Here, the complaint was filed July 26, 1983. An answer and counterclaim, seeking (among other things) alimony pendente lite, was filed on August 24, 1983. Defendant praeciped

for a master's hearing on child support and alimony pendente lite on September 19, 1984. It was after this hearing that the master awarded 'alimony pendente lite retroactive to January of 1984.

Plaintiff asserts that alimony pendente lite may be awarded only from the date his wife petitioned for a hearing on the alimony pendente lite claim. On the other hand, defendant contends that alimony pendente lite may be ordered retroactive to the date of the filing of the complaint. We agree with plaintiff under the facts of this case.

As the Superior Court stated in Orr v. Orr, 315 Pa. Super. 168, 172, 461 A.2d 850, 851 (1983):

"Our Court has well-enunciated the purpose of alimony pendente lite: 'Alimony pendente lite is payable to a wife after the commencement of a divorce action for the purpose of providing her with an income during pendency of the action in order that she may not be put at a disadvantage financially by reason of her having brought the action or being required to defend it.'" (Citations and footnote omitted.) Alimony pendente lite may be granted retroactively to the date of the filing of the petition. Id; Hanson v. Hanson, 177 Pa. Super. 388, 110 A.2d 871 (1955).

The first issue to which the court must direct its attention is the meaning of the word "petition" as it appears in the Orr case. Orr adopted language used by the court in Sholl v. Sholl, 154 Pa. Super. 57, 35 A.2d 528 (1944). Sholl is a case decided prior to the enactment of the Divorce Code of 1980. Under prior law the only method to request the grant of alimony pendente lite was through the filing of the petition. The petition had the effect of placing the issue before the court for decision.

Defendant in this case has claimed alimony pendente lite in an answer and counterclaim. This is permitted by the divorce code. The difference between the petition under the prior divorce law and the counterclaim for alimony pendente lite in the present case is the effect of the pleading to place the issue before the court for decision. When a party claims alimony pendente lite in a counterclaim that person must either praecipe the court for the appointment of a master or petition for the court to hear the claim for alimony pendente lite. Prior to the time the issue is placed before it, the count for alimony pendente lite in the complaint or counterclaim serves as nothing more than notice to the opposing party that alimony pendente lite may be sought in the future. Often such a claim appears in the pleading as boilerplate, even when the party does not intend to seek or cannot obtain alimony pendente lite.

The court holds that the time from which alimony pendente lite may be obtained is the time of the filing of the praecipe or petition requesting a master or the court to grant alimony pendente lite. While the case law appears to compel this result, it is also the logical place to draw the line on obtaining alimony pendente lite. The praecipe or petition is the first indication of the party's need for alimony pendente lite. Further, to permit a party to obtain alimony pendente lite prior to the time it was requested would grant to that party an unfair bargaining advantage over the other party, a practice we have previously condemned. See Chang v. Chang, 82-20,554 (Opinion of November 14, 1983).

In this case the counterclaim for alimony pendente lite was filed in August of 1983. The praecipe for a hearing on the request was filed more

than a year later. While the master ordered retroactive alimony pendente lite only to January of 1984, under the logic of the master's decision, plaintiff could have been required to pay alimony pendente lite from the date the counterclaim was filed. The effect of such an award is to saddle plaintiff with a massive arrearage as of the date of the decision of the master. Here, an arrearage in the amount of $1650 was accrued as of the date of the master's decision. The large amount of the arrearage leaves plaintiff open to manipulation by defendant when bargaining for an agreement on the final economic issues relating to the divorce.

The defendant cites the case of Shovlin v. Shovlin, 318 Pa. Super. 516, 465 A.2d 673 (1983), as a case allowing the retroactive award of alimony pendente lite. However, no mention of alimony pendente lite appears in this case. Shovlin is a support case and support is specifically made awardable from the date of the filing of the complaint by a statute (42 Pa. C.S. §6706) and a Rule of Court (Pa. R.C.P. no. 1910.17). The case of Com. ex. rel Bishop v. Bishop, 234 Pa. Super. 600, 341 A.2d 153 (1975), is also relied upon by defendant to allow retroactive alimony pendente lite and it is likewise a support case. Finally, defendant relies on the case of Lowenschuss v. Lowenschuss, 323 Pa. Super. 381, 470 A.2d 970 (1983), to set forth the rule that no "limitations as to the length or duration of the alimony pendente lite order will be set by the court." Defendant's brief at 3. The ruling in Lowenschuss was that the Superior Court will not set an arbitrary period after which an alimony pendente lite order becomes inoperative. Not only are the three cases cited by defendant inapposite, they are cited in a manner which appears to have been designed to

mislead the court. Such attempts to delude the court by the misquotation of appellate authority are strongly condemned.

A related issue which plaintiff raises is the problem which occurs when a spouse seeks alimony pendente lite and then refuses to proceed with the divorce action. He asserts that the defendant should not be entitled to receive alimony pendente lite and then refuse to consent to the divorce where she admits in the answer that the marriage is broken. We agree and have so held on several occasions. See Chang, supra; Way v. Way, 16 Lyc. 109 (1985); Armstrong v. Armstrong, 84-20,805. (Opinion of March 21, 1985.) However, plaintiff has not asserted sufficient facts for the court to determine whether the termination of alimony pendente lite is appropriate. This issue may be raised at any time by petition and the court will determine at that time whether defendant should be compelled to proceed or lose the benefit of alimony pendente lite. We do note, however, that all the issues relating to the divorce were admitted in August, 1983, and that the defendant has shown a propensity to delay the case (as evidenced by her contesting a Divorce Code §201(d) claim by plaintiff).

The court notes that plaintiff has apparently paid none of the alimony pendente lite which he was directed to pay by the master. Pursuant to Lyc. Co. R.C.P. L1920.55B, the taking of exceptions to an order awarding alimony pendente lite does not stay the requirement that the amount awarded be paid. Consequently, the court will order the payment of the entire arrearage of alimony pendente lite to be paid within 30 days of the court's order. The amount of the arrearage is: $55 for the portion of September, 1984, after the petition was filed, $450 for October

to December, 1984, and $700 for January to April, 1985, for a total of $1,205.

### ORDER

And now, this April 25, 1985, it is ordered and directed that plaintiff pay to defendant alimony pendente lite retroactive to the date of the filing of the praecipe for hearing, September 19, 1984. The amount of alimony pendente lite for the period of September 19, 1984 to the end of December shall be $150 per month. The amount of alimony pendente lite shall increase to $175 per month on January 1, 1985.

Based on the above, plaintiff has accumulated an arrearage on $1,205 by failing to pay alimony pendente lite for the period of September 19, 1984, to the end of April, 1985. This sum shall be paid within 30 days of the date of this order.