## Uber v. Anderson

*Bernard J. Hessley*, for plaintiff.
*Barry L. Smith*, for defendant.

WOLFE, *P.J.*, November 27, 1985—This is an appeal on exceptions filed by petitioner to the support hearing officer's recommendation on September 24, 1985 [that] respondent pay $25 per week for the support of the parties' two minor children retroactive to August 1, 1985.

Previously, on April 9, 1984, we entered an order against respondent in the amount of $45 per week for his then-wife and two children. Thereafter, respondent was convicted of statutory rape of his adopted daughter and was sentenced to incarceration for a term of one year to two years, commencing May 2, 1984. The order of April 9, 1984 was suspended to be reviewed upon respondent's release.

The support officer's recommendation was entered as a court order on May 8, 1984.

Petitioner now requests, since respondent was released from prison on May 5, 1985, the order of April 9, 1984, should be restored and the accumulated arrearage during the prison term be paid.

Respondent argues he had no earned income during the period of his incarceration; therefore, he should not be compelled to pay during this period and, in any event, the order should not have been modified from $25 a week to $45 a week due to the economic status of the parties.

Initially, we observe that the order of May 8, 1984, was a suspension of respondent's obligations rather than a termination of the initial order of April 9, 1984.

The parties were divorced by petitioner's action on October 25, 1984. Petitioner argues, notwithstanding respondent's incarceration and his non-earning capacity during that period, respondent has a marital asset which is now under division pursuant to the divorce action, namely the parties' jointly owned home which they have stipulated has a net value of $40,500; there exist furniture and furnishings having a value of $16,993 which the parties have agreed to be distributed with respondent receiving a value of that property in the amount of $7,793 and in addition would receive locksmith machines, tools and inventory with a value of $2,776.32.

Respondent, in support of his argument that a retroactive order as petitioner requests is unlawful and confiscatory, relies upon Commonwealth ex rel. Riviello v. Riviello, 229 Pa. Super. 428, 323 A.2d 766 (1974), and Bishop v. Bishop, 243 Pa. Super.

600, 341 A.2d 153 (1975). Respondent argues these two cases hold the court is without jurisdiction in a support action to divide or distribute the marital estate to enforce a support order. We have no argument with respondent in that respect; however, a reading of these two cases clearly does not relate factually to the instant case. In Riviello, supra, husband-defendant was found in contempt because he refused to convey jointly-owned property to wife-plaintiff as ordered by the court. In this regard the parties had agreed upon a property settlement and substituted the agreement for a support order the court had entered against the husband to pay $60 per week and the use of an automobile in favor of the wife. The court found it was improper and an abuse of court discretion, indeed the court had no authority to contempt the husband for failure to comply with the agreement and held a support action may not serve as an action to divide or distribute the husband's estate.

In Commonwealth ex rel. Bishop v. Bishop, supra, the court recognized by prior precedence court orders may be retroactive to the date of filing of the complaint to alleviate hardship due to the slow-moving judicial process and as a disincentive for a party to resort to dilatory tactics. The court remanded the case to the trial court for further proceedings since the trial court did not address the issue of retroactivity which the wife had requested. Again, the court recognized a support action may not serve to divide or distribute the parties' estate, ". . . thus, the court is without jurisdiction in a support action to direct an acounting of funds in which the wife has an interest." This, for the reason [sic] the court held a spouse may bring an independent action to secure an accounting and division of property or funds held as tenants by the entirety. (Cita-

tions omitted.) Instantly, the parties never had, nor do they now have, any property settlement agreement which petitioner is attempting to enforce. Nor is she requesting an accounting, nor a property settlement. Petitioner is simply pursuing support for her two children subsequent to the parties' divorce as well as for herself prior to the divorce on the basis respondent has sufficient assets currently due to the marital distribution to pay a reasonable support retroactively to the date of his incarceration when his earning powers ceased.

Riviello, supra, and Bishop, supra, do not address the factual situation before us. We have found no cases addressing this marital issue, to wit, if a spouse's marital distribution of assets is subject to child and spousal support accumulated during a period of incarceration.

Respondent's objection the support law cannot be utilized to compel a division of marital assets is not germane to the issue here for the reason petitioner's divorce action has made the division of the marital assets when the divorce decree was entered October 25, 1984, leaving only the issue of equitable distribution which shows respondent with sufficient assets to pay reasonable support. The remaining issue is [whether] by virtue of his incarceration, respondent should be relieved from paying support during that period. We believe logic dictates it does not. It is axiomatic one is not relieved of his general indebtedness simply because of incarceration, nor is one's property immune from enforceable judgments because of incarceration. Instantly, it becomes more urgent when we consider defendant became incarcerated through his criminal conduct towards one of his dependents and now seeks to mitigate his obligation of support by reason of his illegal activities

which, if concluded to be a valid premise, compels the conclusion that crime pays.

Respondent relies on Commonwealth ex rel. Milne v. Milne, 150 Pa. Super. 606, 29 A.2d 228 (1942), for the argument a support order is not to be structured to punish respondent "for his conduct or misconduct towards his wife and family." The facts of Milne, supra, cannot be equated with the instant case. In the latter case respondent had been paying support in varying amounts, depending on his income. Petitioner requested an increase by reason of a bequest to respondent of a share from his father's estate. The trial court, in increasing the support order, reasoned the relatrix had for years shared in his adversity. "It is now only fair that she should share in his prosperity." The appellate court, in modifying the order, did so for the reason there is no authority for the trial court's attempt to make up for past hardships wherein relatrix had a negligible income and a meager livelihood before defendant's inheritance. The court simply rested its modification on the relatrix's needs at the present time rather than awarding her an amount for past hardships.

The case sub judice is a petition for arrearage that was accumulated but suspended during the period respondent had no income. Respondent is not being punished for his criminal conduct, indeed, was afforded relief from payment during his incarceration by a suspension of the order. The suspension is a temporary relief from an obligation to be paid; however, when the reason for the suspension ceases, payment must be made. During his period of incarceration his marital assets continue to be subject to his marital obligations. We find no logic in making full equitable distribution of marital assets to respondent, yet set him free from his marital

obligations. We therefore find Milne is not applicable here.

Respondent next complains our increase in the order is unwarranted. We find there is a degree of merit to this argument. The initial order of $45 per week was for petitioner and the children. Since the divorce of October 25, 1984, respondent's obligation is to the two children. Respondent advised the court at time of hearing he was currently earning $200 per week paid in cash and did not have any set wage and supports only himself. Petitioner has remarried and her current earnings are $5.05 per hour and her husband's income is an estimated $13 per hour. Unfortunately, there is no evidence to this point of the needs of the children and thus we cannot fully apply the principals of Melzer v. Witsberger, 505 Pa. 462, 480 A.2d 991 (1984). We do determine, however, from the facts before us and common sense dictates that the needs of the two children, Tammy, age 17, and Misty, age 11, is $60 week and an appropriate amount for respondent's share is $30 per week.

We therefore enter the following

## ORDER

And now, November 27, 1985, the order of May 8, 1984, is revoked. Respondent is directed to pay $45 a week for the support of his wife and two children to the point of the parties' divorce on October 25, 1984, and thereafter an amount of $30 per week for the support of the two children.

The within order is made retroactive to May 2, 1984, and the accumulated arrearage is ordered to be entered as a judgment in accordance with this opinion against respondent's share of equitable dis-

tribution of marital assets under Rule 1910.23 of Rules of Civil Procedure governing actions for support.