599 A.2d 1009

**Rozina HAINAUT, Appellant.**

v.

**Frank HAINAUT.**

Superior Court of Pennsylvania.

Submitted Oct. 15, 1991.

Filed Dec. 3, 1991.

---

Betty A. Dillon, Bethel Park, for appellant.

George B. Stegenga, Washington, for appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from a spousal support order entered on May 6, 1991 in the Court of Common Pleas of Washington County, Domestic Relations Division. Appellant, the wife herein, raises the following issues on appeal:

I. WHETHER THE ORDER OF THE TRIAL COURT IS ERRONEOUS IN THAT ARREARAGES WERE SET AT ZERO WHEN NINE MONTHS ELAPSED FROM THE FILING OF THE SUPPORT COMPLAINT UNTIL THE DATE OF THE HEARING AND ORDER.

II. WHETHER THE AMOUNT OF THE ORDER IS INSUFFICIENT TO PROVIDE SUPPORT AT A LEVEL EQUIVALENT TO THE STANDARD OF LIVING ES-TABLISHED DURING THE MARRIAGE, AND IS IN-SUFFICIENT IN LIGHT OF THE DISPARITY IN THE INCOMES AND EARNING CAPACITIES OF THE PAR-TIES.

Appellant's Brief at 3.[1] For the following reasons, we remand this case for action consistent with this memoran-dum.

The parties were married in February, 1982, and separat-ed in February, 1988. Pursuant to an oral agreement between the parties, appellee made monthly cash payments to appellant in the amount of $200. He also directly paid household and insurance bills totaling approximately $1,050 per month. In August, 1990, appellee ceased making the monthly cash payment. Thereafter, appellant filed a com-plaint in support. It is undisputed that appellee continued making the direct payments through the time of the hearing on this matter.

---

**1.** Appellant also contended that the trial court erroneously failed to include an immediate or conditional order for the attachment of income as required by Pa.R.Civ.P. 1910.22(a). However, in her brief, appellant withdrew this contention, stating, "[i]n light of [the judge's] statement in his Opinion that 'the requirement of Pa.R.C.P. 1910.22(a) was an oversight by the Court and can be included in the support order upon motion,' this ground for appeal shall not be pursued herein." Appellant's Brief at 11. Thus, we need not consider this contention.

A hearing was conducted on May 6, 1991. An order, entered at the conclusion of the hearing, provided:

AND NOW, this 6th day of May, 1991, based upon the direct bills being paid by the defendant, the Court orders the defendant to pay $100.00 per month as spousal support. The defendant shall also maintain his wife on medical and dental coverage and pay one-half of all bills not covered by insurances up to $100.00 per month.

Arrearages are set at zero.

Official Record at 4. Appellant's timely appeal followed.

■ Appellant's first contention is that the trial court improperly set arrearages at zero. Specifically, appellant argues that the trial court abused its discretion by refusing to make the support order retroactive to the date the complaint in support was filed. We disagree.

■ Rule 1910.17 of the Pennsylvania Rules of Civil Procedure provides, in relevant part, "[a]n order of support shall be effective from the date of the filing of the complaint unless the order specifies otherwise." Pa.R.Civ.P. 1910.17(a). "There is a sound policy favoring retroactivity in most cases." *Sutliff v. Sutliff,* 339 Pa.Super. 523, 556, 489 A.2d 764, 781 (1985), *aff'd,* 515 Pa. 393, 528 A.2d 1318 (1987). However, where a trial court articulates specific reasons to justify a nonretroactive order, we will uphold that order absent an abuse of discretion. *See Shovlin v. Shovlin,* 318 Pa.Super. 516, 519, 465 A.2d 673, 675 (1983); *Com. ex rel. Swank v. Swank,* 266 Pa.Super. 94, 96, 403 A.2d 109, 111 (1979).

In the instant case, the trial court made the order retroactive by setting arrearages at zero. The court reasoned that it "found the direct payments by the Defendant to have adequately met the Plaintiff's needs through the date of the hearing." Opinion, 7/12/91, at 3. Thus, the court concluded that "[i]t is not necessary that the Court mathematically compute an arrearage figure when there is a substantial amount of direct bills being paid." *Id.* We cannot say that the court abused its discretion in so concluding. Although

there was a nine-month delay between the filing of the complaint and the issuing of the order, appellant earned a net income of approximately $550 per month. Additionally, appellee paid approximately $1050 per month in direct bill payments, totalling approximately $9450 during the pendency of the complaint. Appellant has not demonstrated how these payments failed to satisfy her support needs.

When appellant was questioned at the hearing with respect to the termination of the cash payment, she provided only a vague response as to how she was harmed:

Q   Have you suffered financial difficulty since your husband unilaterally stopped the $200.00 per month cash payments?

A   Yes.

Q   What problems have you had?

A   I've neglected getting the repairs on the house. I've neglected getting the clothes I need to go to work. I've neglected doing some of the things like going out to dinner with my friends that I've always done. Just in general I've left things go. I don't have any money to do the things that need to be done.

N.T., 5/6/91, at 4. However, there is no evidence in the record or in appellant's brief that details what repairs were not made and what "things" were "left" go. Moreover, appellant testified that during 1990, she made three personal trips to California, each for periods of two or more weeks. Two of these trips were made after appellee terminated his cash payments. *Id.* at 5–6.

"The purpose of the order for support is to assure the party requiring support a. reasonable living allowance." *Com. ex rel. Bishop v. Bishop*, 234 Pa.Super. 600, 606, 341 A.2d 153, 156 (1975). The statute authorizing the court to impose the support order retroactively is designed to "alleviate[ ] hardship on a party who is entitled to support but who is required to proceed through the often slow-moving judicial process." *Id.*, 234 Pa.Superior Ct. at 603, 341 A.2d at 155. In the instant case, the court denied retroactivity because it found that the substantial direct payments which

appellee made each month sufficiently satisfied appellant's support needs. Appellant has not shown that she suffered hardship because appellee terminated the monthly cash payment. Thus, we cannot conclude that the court abused its discretion by denying retroactive application of the support order.

■ Appellant's next contention is that the trial court's order does not provide a sufficient level of support for appellee. Specifically, appellant argues that the trial court erred in its calculation that the aggregate support payment under the May 6 order is $1,300 per month.[2] We agree.[3]

> Our standard of review in support matters is well-settled: In reviewing such an order, this court will reverse only where the record indicates a clear abuse of discretion and does not support the trial court's order. *Stredny v. Gray*, 353 Pa.Super. 376, 510 A.2d 359 (1986). The trial court possesses wide discretion as to the proper amount of support payments and, unless the surrounding circumstances suggest the court abused its discretion, its judgment will not be disturbed. *Biler v. Biler*, 353 Pa.Super. 49, 508 A.2d 1261 (1986).

*Goodman v. Goodman*, 375 Pa.Super. 504, 506, 544 A.2d 1033, 1034 (1988). "An abuse of discretion is not 'merely an

---

2. This $1,300 is broken down as a $100 monthly cash payment and $1,200 that the court calculated as the total direct bill payments.

3. We note that the language of the support order is not consistent with the way the parties and court appear to interpret it. The order expressly requires appellee to pay appellant $100 per month, as well as to maintain his wife's medical and dental coverage. It also requires "one-half of all bills not covered by insurances up to $100.00 per month." Appellant's bills not covered by insurance include mortgage payments, electric bills and car payments, which total from $793 to $940. Under our reading of the order, then, appellee would only be required to pay half of this total up to $100, i.e., $100 towards noninsurance bills.

However, both the trial court and the parties, in discussing this issue, seem to agree that the order requires appellee to continue making direct payments for the mortgage, as well as for appellant's car payments and electricity. Thus, as the only dispute goes to the sum of all direct bill payments, we adopt the court's and parties' interpretation of this order. Nonetheless, in light of our disposition of this case, we suggest that the language of the order be changed to reflect the interpretation ascribed to it by the court and parties.

error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.'" *Coffey v. Coffey*, 394 Pa.Super. 194, 196–97, 575 A.2d 587, 588 (1990) (citations omitted).

Rule 1910.16–3 of the Pennsylvania Rules of Civil Procedure sets out the guidelines to be followed and provides a formula for determining the appropriate amount of spousal support:

```
-appellee's monthly net income .....   $4,000.00
-appellant's monthly net income ....      550.00
-difference between the two .......     3,450.00
-multiplied by 40%................  ×       .40

-total monthly spousal support          1,380.00[4]
```

The trial court need not award the exact amount determined under the guidelines. However, the court, when deviating, must comply with Rule 1910.16–4 of the Pennsylvania Rules of Civil Procedure:

(a) If the amount of support awarded is within ten percent above or below the amount of support determined by the guidelines, the court, permanent hearing officer or hearing officer need not specify the reasons for the amount of the deviation.

(b) *If the amount of support awarded is not within ten percent above or below the amount of support determined by the guidelines, the court, permanent hearing officer or hearing officer shall specify the reasons for, and make findings of fact justifying, the amount of the deviation.*

Pa.R.Civ.P. 1910.16–4 (emphasis added).

In the instant case, the trial court miscalculated the total amount of appellant's monthly bills paid by appellee. In so doing, it awarded an amount of spousal support that fell more than ten percent below the guidelines. However, because of the miscalculation, the court did not recognize

---

**4.** The trial court made findings of fact with respect to each party's net monthly income. We use those figures in calculating the guideline formula. *See* Opinion, 7/12/91, at 2.

that the amount was more than ten percent below the guidelines and, consequently, did not specify its reasons for deviating from the guidelines.

To illustrate exactly how the trial court erred, it is necessary to determine the true total of appellee's direct payments to bills and compare that figure to the amount used by the court in framing its order. According to the record, appellee pays the following of appellant's bills:

| | |
|---|---|
| Mortgage | $ 600.00 |
| Car Payments | 150.90 |
| Electric | 190.00 |
| Car Insurance | 68.00 |
| House Insurance | 21.50 |
| Med/Dental Insur. | 20.00 |
| Total | 1050.40[5] |

N.T., 5/6/91, at 12. Additionally, up until August, 1990, appellee made a $200 monthly cash payment to appellant. Thus, under the prior arrangement, appellee paid a total of $1,250 in monthly spousal support.

The trial court determined that the aggregate support payment under its May 6 order was $1,300. Opinion, 7/12/91, at 3. Because the order requires appellee to make only a $100 monthly cash payment, the total allocation under the order for direct bill payments is $1,200. However, because the direct bills only total $1,050, it is clear that the court inadvertently included the $200 cash payment that was paid under the former arrangement and that is no longer being paid. While this miscalculation is not an abuse of discretion requiring reversal, we must remand for clarification of the inconsistency. If the trial court intended to issue a support

---

5. We note that there is an unresolved dispute as to the amount paid for mortgage and electricity. Appellee contends that he paid $600 monthly for mortgage and approximately $190 monthly for electricity. N.T., 5/6/91, at 12. By comparison, appellant contends that appellee paid $553 monthly for the mortgage and $98 monthly for the electricity. N.T., 5/6/91, at 8. Although the trial court did not definitively resolve this factual dispute, and the record does not contain sufficient documentation to enable us to resolve it, we have utilized appellee's figures so that, in comparing the instant order with the spousal support guidelines, we are using the highest possible amount to represent appellee's direct payment of appellant's bills.

award of $1,300 per month, then a modification of the existing order is necessary because the current order is only for $1150 per month.  On the other hand, if the trial court does not modify the order, then, pursuant to Pa.R.Civ.P. 1910.16–4(b), the court must specify its reasons for deviating more than ten percent from the guidelines.

Case remanded.  Jurisdiction relinquished.