Scholl, Appellant, *v.* Scholl.

Argued December 8, 1943. Before KELLER, P. J., BALDRIGE, STADTFELD, RHODES, HIRT, KENWORTHEY and RENO, JJ.

*Calvin F. Smith,* with him *William S. Hudders,* for appellant.

*Orrin E. Boyle,* with him *Lewis R. Long,* for appellee.

OPINION BY KELLER, P. J., January 27, 1944:

The appellant filed her libel asking for a divorce from bed and board on the grounds of cruel and barbarous treatment and indignities to her person. Respondent filed an answer denying the alleged grounds for divorce.

The case was referred to a master who recommended that the divorce be granted.

Exceptions to the master's report were sustained by the court on March 29, 1943; and the divorce was refused and the libel dismissed at the costs of the libellant.

She then appealed to this court.

After the taking of her appeal, the respondent presented his petition asking that a prior order, entered April 15, 1941, for the payment of alimony pendente lite be vacated; and the libellant presented her petition asking that the respondent be ordered to pay the costs of printing her record and brief on appeal, aggregating $1,410.75; and for additional counsel fees on appeal of $500.

The court disposed of these petitions (1) by vacating and setting aside the decree for alimony pendente lite, to take effect October 4, 1943, the date of the order; and (2) by ordering respondent to pay libellant's counsel $500 for all necessary costs—including printing—involved in the prosecution of her appeal, and an additional sum of $250 to her attorneys as counsel fees on the appeal.

The libellant appealed from these orders and asked to have this appeal heard before the argument of the appeal on the merits.

Orders allowing alimony pendente lite and for the payment of costs on appeal and counsel fees, ordinarily, are matters within the sound discretion of the court below. A review of the record has not convinced us

that the court below abused that discretion.

The suggested printing bill of $1,410.75 contains the entire record of a prior, unsuccessful divorce action brought by the present respondent, and introduced into evidence by this libellant. Whether properly received in evidence, or not, it is not necessary or essential that it be printed in the record of the appeal on the merits in the present action. Furthermore, the record of the present action is burdened with petitions for allowances of alimony, costs, counsel fees, etc., the answers to them and the orders made regarding them, none of which are necessary or essential or even material for the decision of the case on the merits. They would only encumber the record and furnish no help in the decision of the appeal. We are satisfied that the court's allowance of $500 will cover all of the appellant's necessary printing and court costs on the appeal on the merits.

As to counsel fees the respondent has on prior orders of the court paid libellant's attorneys counsel fees of $450. We are not convinced that the additional allowance of $250 is inadequate compensation.

With respect to the order for alimony pendente lite ($60 per month), the court allowed payment of this amount for the six months between the entry of the decree dismissing the libel and the date of vacating the prior order. This complied in principle with the ruling of the Supreme Court in *Heilbron v. Heilbron*, 158 Pa. 297, 27 A. 967, and our ruling in *Ponthus v. Ponthus*, 70 Pa. Superior Ct. 39.

Orders relating to alimony, counsel fees, etc., may be made by the court below while an appeal to this court from the grant or refusal of a decree in divorce is still pending: *White v. White*, 106 Pa. Superior Ct. 85, 89, 161 A. 464; *Rutherford v. Rutherford*, 152 Pa. Superior Ct. 517, 32 A. 2d 921. The court below was satisfied that appellant's earnings as a substitute school teacher and the payment of $100 a month to her by respondent

for the support of the three minor children living with her, justified the vacation of the decree for alimony pendente lite. In view of the fact that orders for support and maintenance are never static, but are always subject to modification as required by the circumstances, we are of opinion that the order of the court in this respect is not reversible error.

The appeal is dismissed. Costs on appeal to await the determination of the appeal on the merits.

Judge RENO took no part in the consideration or decision of the case.