## Shoemaker v. Shoemaker

*Raymond M. Seidel,* for plaintiff.
*Wm. J. Moran, Jr.,* for defendant.

HONEYMAN, J., July 11, 1963. — On January 9, 1962, the undersigned dismissed exceptions to a master's report and granted a divorce a.v.m. to plaintiff, William Mercer Shoemaker, against defendant, Nancy Jane Burwell Shoemaker, on the grounds of both indignities and adultery. In the same order, it was further directed ". . . that William Mercer Shoemaker, the plaintiff, pay to Nancy Jane Burwell Shoemaker, the defendant the sum of $100.00 per week for alimony pendente lite, beginning as of September 19, 1960; such payments to continue until the divorce action is concluded, and to pay to William J. Moran, Jr., Esq., the sum of $3,000.00 for counsel fee and expenses."

On February 28, 1962, defendant, by her attorney, entered an appeal from the aforementioned decree and order of this court, and said appeal was argued before the Superior Court of Pennsylvania as of October term, 1962, no. 214, on June 15, 1962. On September 13, 1962, the decree of this court was affirmed by the Superior Court. Defendant thereafter filed a petition

with the Supreme Court of Pennsylvania for allowance of appeal from the judgment of the Superior Court, but such was denied per curiam by order of the Supreme Court dated November 13, 1962. In the present petition, defendant seeks to recover $3,184.40 expended for the printing of the record and her brief in the appeal taken to the Superior Court as well as $5,000 additional attorney's fee for the aforesaid appeal.

In determining whether these costs should be imposed upon the plaintiff-husband, we find that, as a general rule, during the pendency of an appeal, the wife is entitled to alimony pendente lite, counsel fee and expenses: Scholl v. Scholl, 154 Pa. Superior Ct. 57, 59 (1944). The Act of May 2, 1929, P. L. 1237, sec. 46, as amended May 25, 1933, P. L. 1020, sec. 1, 23 PS §46, also provides that upon petition, the wife will be allowed reasonable alimony pendente lite, counsel fee and expenses. The cost of printing paper books has always been included in these expenses: Foust v. Foust, 144 Pa. Superior Ct. 513 (1941); Doemling v. Doemling, 118 Pa. Superior Ct. 426 (1935).

The sources cited by defendant, in support of her contention that plaintiff is liable for the costs and expenses of her appeal, resolve themselves to nothing more than the proposition that in divorce proceedings a wife should be provided with the means of establishing her claim or defense initially. With this we are in complete accord, for to deny her such might be to deny her justice. In the instant case, however, the recoupment of defendant's costs and the expenses of her appeal seems to be an afterthought, for said appeal was initiated and carried to completion without the necessity of any advancements from plaintiff.

With respect to the liability of the plaintiff-husband, we find that although the court may impose an order on the plaintiff-husband covering the wife's expenses,

the divorce law expressly provides that at the conclusion of the case, the successful party may obtain payment of costs, or each party may be ordered to pay his own costs: Act of May 2, 1929, P. L. 1237, sec. 56, 23 PS §56. The expense of printing the brief and record on appeal is an item of cost and taxable as such by virtue of the Act of April 15, 1907, P. L. 83, sec. 1, as amended April 27, 1909, P. L. 263, sec. 1, 12 PS §1193, wherein is stated:

"In all cases, either in law or equity, wherein an appeal is taken from any judgment, decree, or order to the Supreme or the Superior Court, the party in whose favor the final decision is rendered shall be entitled to charge, and collect from the losing party as part of the costs, such amount as shall have been expended for printing paperbooks upon said appeal. The cost of printing the paperbook of each party shall be taxed as costs, collectible by the attorney of record of such party in such appeal. Said amounts to be taxed and collected in the same manner as costs are now taxed and collected by law."

Thus, although the expense of printing paper books may be awarded to a wife pending her appeal from a divorce decree, if the decree for plaintiff-husband is affirmed, unless each party is ordered to bear his own expenses, the printing expense would be carried under the husband's judgment for costs. As was said by a learned text writer:

"In this, however, there is no injustice. During the course of the suit, the wife must be provided with the means of establishing her claim or defense. It cannot be prejudged in considering her application for an allowance. If she is ultimately unsuccessful, either as plaintiff or defendant, she may suffer a judgment against her for taxable costs, which her husband can then recover against her by execution. . . .": 2 Freed-

man, Law of Marriage and Divorce in Pennsylvania, p. 985 (2d ed.).

Thus, a wife who loses her suit for divorce or against whom a husband obtains a divorce, may not be awarded costs. Indeed, in such cases, the husband, as the successful party, may obtain costs against her. And, although each party may be ordered to bear his own costs, which was not ordered here, thus putting the burden of all costs on the wife-defendant, the successful party cannot be required to pay the costs of the losing party, even if it be the wife: 3 Freedman, supra, page 1295.

It would, therefore, be a vain act on the part of this court to impose these expenses on the husband, only to permit him to recoup them by way of execution on his bill of costs.

With respect to the wife-defendant's application for allowance of additional counsel fee, it would appear appropriate to allow such in a reasonable amount. Counsel for the wife-defendant suggests and requests $5,000, which, under all the circumstances, is excessive and unreasonable. Counsel for the husband-plaintiff pleads his client's financial inability to pay more than $500, which is inadequate and unreasonable. Taking into account the sizeable record in this proceeding, the experience and professional status of the wife's attorney, the financial status of plaintiff, as well as the Minimum Fee Schedule of the Montgomery Bar Association, the court believes an additional counsel fee of $1,200 is fair, reasonable and compensatory. Therefore, the court makes the following

*Order*

And now, this July 11, 1963, with respect to costs and expenses, the wife's petition is dismissed and the rule discharged; as to additional counsel fee, the rule is made absolute and plaintiff, William Mercer Shoe-

maker, is ordered and directed to pay the additional sum for counsel fee of $1,200 to William J. Moran, Jr., Esq., counsel for defendant.