461 A.2d 850

**Marian Rita ORR**

v.

**Harold E. ORR, Appellant.**

Superior Court of Pennsylvania.

Argued March 23, 1983.

Filed June 17, 1983.

Michael G. Trachtman, Norristown, for appellant.
Wallace A. Murray, Jr., Norristown, for appellee.

Before HESTER, JOHNSON and POPOVICH, JJ.

HESTER, Judge:

This is an appeal from the order of the Court of Common Pleas of Montgomery County, Civil Division, dated January 6, 1982, awarding appellee-wife alimony pendente lite in the sum of $160.00 per week plus $15.00 per week toward arrearages.

The facts of the case are as follows:

Appellant-husband and appellee-wife were married in June, 1976, and subsequently separated in September, 1980. Both parties have been married previously and have children from their prior marriages. Appellee resided in a dwelling with her father and three children from her prior marriage. Her father contributes $60.00 per week toward the household expenses. Appellee's residence was purchased for $88,000.00 immediately following the marriage to appellant. Appellee contributed approximately $44,-200.00 toward this purchase while appellant contributed approximately $8,800.00. There is a purchase money mortgage of approximately $35,000.00, which is being paid by appellee. It is to be noted that appellee sold her home from her prior marriage so as to facilitate the purchase of appellant-appellee's residence.

The appellee's children from her prior marriage received, upon the death of their father, $15,000.00 each. Said funds were placed into money market certificates with the appellee designated as custodian under the Uniform Gift to Minor Act. At the time of the hearing in this matter, the yield of these certificates was 13.8%, or $6,210.00 per year. These children also receive social security in the amount of $11,088.00 per year, or $1,924.00 per month, which has been reduced by $308.00 a month due to the oldest child's failure to continue his schooling on a regular basis.

Appellant is the sole owner of an insurance adjusting business, Lafayette Adjustment Bureau. Gross receipts from the business during the year 1981 averaged $30,000.00 per month; expenses of independent contractors, utilized by appellant in the conduct of his business, during the same

year averaged $19,650.00 per month. Appellant testified that the other business expenses for the year 1981 were $4,071.00 per month. Total business expenses for the year 1981 are projected at $284,655.00, $236,000.00 of which is attributable to the aforementioned independent contractors and $48,655.00 to other business expenses. Therefore, gross income, representing gross receipts less business expenses, is projected for 1981 at $75,345.00. Other business expenses represent personal expenses, thus increasing the effective net available for personal use.

Appellant resides in two rooms of his company's office. Also, appellant claimed $11,703.00 as living expenses for 1981.

Appellee is an associate owner of a Real Estate Guide Book and expects to eventually realize a financial return from this endeavor. She claims, however, to have earned but $500.00 from this source as of the date of the hearing. In addition, appellee alleges she is unable to devote full-time to that endeavor due to her responsibilities to a son who is a manic depressive.

Appellee asserted expenses for herself of $1,660.00 per month. The lower court found these to be consistent with the comfortable standard of living the parties enjoyed during their marriage. Appellee stated that she had been given $2,000.00 per month by appellant for living expenses during their marriage.

Appellant raises two issues on appeal. These are: (1) whether the lower court erred as to the amount of alimony pendente lite granted to appellee, specifically as it relates to the appellee's separate estate; and (2) whether the lower court erred in making the alimony pendente lite award retroactive?

In addressing appellant's claim, we must first note the standard of review concerning the amount of alimony pendente lite awarded by the lower court. We have repeatedly held that the determination of the amount of alimony which should be awarded to a wife, pendente lite, is largely within the discretion of the hearing judge and that this court will

not be reversed except for a plain abuse of that discretion. *Mather v. Mather*, 143 Pa.Super. 608, 18 A.2d 492 (1941); *Wechsler v. Wechsler*, 242 Pa.Super. 356, 363 A.2d 1307 (1976).

■ Our court has well-enunciated the purpose of alimony pendente lite: "Alimony pendente lite is payable to a wife after the commencement of a divorce action for the purpose of providing her with an income during pendency of the action in order that she may not be put at a disadvantage financially by reason of her having brought the action or being required to defend it."[1] *Kordich v. Kordich*, 182 Pa.Super. 132, 134, 125 A.2d 471, 472 (1956); *Jeffery v. Jeffery*, 228 Pa.Super. 64, 296 A.2d 873 (1972). In determining whether this disadvantage exists, the trial court should consider the following factors; the husband's ability to pay, the separate estate and income of the wife, and the character, situation and surroundings of the parties. *Jeffery v. Jeffery, supra, Gangloff v. Gangloff*, 163 Pa.Super. 570, 63 A.2d 115 (1949); *Homler v. Homler*, 120 Pa.Super. 66, 181 A. 840 (1936). *See generally* Freedman, *Law of Marriage and Divorce in Pennsylvania*, §§ 452–53 (1957).

■ Also, another criteria for measuring an award of alimony pendente lite is that it should not exceed one-third

---

1. Until 1974, alimony pendente lite and reasonable counsel fees and expenses were only available to a wife. Act of May 2, 1929, P.L. 1237, § 46: Act of May 25, 1933, P.L. 1020, § 1: Act of Aug. 14, 1963, P.L. 1065, No. 462, § 1: Act of Oct. 19, 1967, P.L. 451, No. 207, § 1, 23 P.S. § 46 (1955); Act of June 27, 1974, P.L. 403, No. 139, § 1, 23 P.S. § 46. Consequently, courts have defined the standards governing alimony pendente lite and counsel fees and expenses in language focusing on the husband's ability to pay and the wife's right to recover. In response to the Pennsylvania Equal Rights Amendment, Pa. Const. Art. 1, § 28 (Supp.1976), the legislature amended the applicable statute to make alimony pendente lite and counsel fees and expenses available to both husband and wife. Act of April 2, 1980, P.L. 63, No. 26, 23 P.S., § 502 (1980). Because the instant case involves a petition for alimony pendente lite filed by a wife against her husband, it is appropriate to quote the traditional legal maxims without substituting gender-free words for "husband" and "wife." It must be remembered, however, that the standards articulated in this opinion are now equally applicable when a husband seeks alimony pendente lite and reasonable counsel fees from his wife. *Wechsler v. Wechsler*, 242 Pa.Super. 356, 363 A.2d 1307, 1310 (1976).

of the husband's income from his property and labor. *Wechsler v. Wechsler, supra; Gangloff v. Gangloff, supra.*

■ In the present case, appellant contends that appellee should be required to borrow against her home before she is awarded alimony pendente lite. This proposition is not only inequitable, but contrary to the stated purpose of the Code. First, appellee's home is still encumbered ($34,000.00 mortgage) and it serves as a residence for Mrs. Orr, her three children, and her father. The relevant policy provisions in 23 P.S. 102 state that:

(a) The family is the basic unit in society and the protection and preservation of the family is of paramount public concern. Therefore, it is hereby declared to be the policy of the Commonwealth of Pennsylvania to:

(1) Make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experience.

. . . . .

(3) Give primary consideration to the welfare of the family rather than the vindication of private rights or the punishment of matrimonial wrongs.

. . . . .

(6) Effectuate economic justice between parties who are divorced or separated and grant or withhold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.

Therefore, to either compel appellee to sell her home or further encumber it would circumvent the policy consideration of promoting "the protection and preservation of the family." Also, this would be totally inequitable in that the appellant has been ordered to pay far less than one-third of his income as alimony pendente lite. The evidence adduced at the lower court hearing demonstrated that the husband, as owner of a business which netted approximately $75,-000.00 in 1981, had both earning capacity and present income *far* in excess of his wife's. (emphasis added) Moreover, the appellee's financial requirements during the pend-

ency of the divorce proceeding, based on the standard of living enjoyed by the parties during the marriage, were projected by the lower court at $1,660.00 per month, well in excess of her available income. While there are cases where a wife's separate estate, whether non-liquid or liquid, could preclude her from receiving alimony pendente lite, this certainly is not one. Thus, we conclude the award of $160.00 per week in alimony pendente lite is reasonable.

Appellant next contends that the award of alimony pendente lite should not have been retroactive. Our court has held that an award of alimony pendente lite may be made retroactive to the filing of the petition, and since this is the case in the present action, we find no error. *Scholl v. Scholl,* 154 Pa.Super. 57, 35 A.2d 528 (1944); 12 P.L.E. § 152.[2]

Order affirmed.

---

2. A further matter was contained in appellant's brief and was expressed at oral argument, that appellee in that she has received the award of alimony pendente lite is now delaying the divorce proceedings. It is to be noted that the purpose of an award of alimony pendente lite is to "maintain the wife" during the pendency of her divorce action and her receiving this award should not cause her to delay the divorce proceedings. *Koehler v. Koehler,* 73 Pa.Super. 41, 43 (1919); *Gangloff v. Gangloff, supra.* Thus, we direct the parties to engage in conduct that will expeditiously resolve their divorce proceedings.