## Burk v. Burk

*Daniel M. Fennick*, for plaintiff.
*Edward R. LeCates*, for defendant.

ROE, *J.*, March 25, 1986—On June 12, 1984, plaintiff Darlene M. Burk commenced an action in divorce against defendant Richard A. Burk in which she sought a divorce under sections 201(c) and 201(a)(6) of the Pennsylvania Divorce Code, P.S. 23, §101-801 (Purdon Supp. 1985). An order of alimony pendente lite in the amount of $125 per week was entered by the court in favor of plaintiff on September 11, 1984. In January of 1986, defendant submitted to his counsel an affidavit of consent signed by him pursuant to section 201(c) of the Divorce Code. Plaintiff has since refused to sign an affidavit of consent necessary to procure a divorce under section 201(c) and defendant has filed a petition to dismiss plaintiff's action in divorce and to vacate the order of alimony pendente lite. In response, plaintiff has filed an answer to the rule to show cause regarding the dismissal of the divorce action. The issue now before this court is whether defendant may compel plaintiff to file an affidavit of consent or suffer a dismissal of the action in divorce and termination of the award of alimony pendente lite.

The present factual situation is similar to those presented in several actions in which the courts of our sister counties were required to address this identical issue. In Rueckert v. Rueckert, 20 D.&C.3d 191 (1981), plaintiff/wife filed a complaint in di-

vorce under sections 201(c) and 201(d) of the Divorce Code. Since she was permitted to plead in the alternative under Rule 1920.72(a) of the Pennsylvania Rules of Civil Procedure, plaintiff claimed that she could elect to pursue her divorce under either section 201(c) or 201(d). As such, asserted plaintiff, she could ignore defendant/husband's affidavit of consent under section 201(c) and wait out the required three years for a unilateral divorce under section 201(d) without resorting to defendant's consent. An order of alimony pendente lite was also in effect at the time.

In deciding whether to dismiss plaintiff's complaint, the Allegheny County Court of Common Pleas examined the interests underlying the Pennsylvania Divorce Code:

"One of the major objects of . . .[the] Divorce Code is as articulated therein at §102(6): '(6) effectuate economic justice between parties who are divorced or separated and grant or withold alimony according to the actual need and ability to pay of the parties and insure a fair and just determination and settlement of their property rights.' In furtherance of that ideal alimony pendente lite may be granted by the court . . . ." Id. at 194-95. The court then noted that alimony pendente lite, unlike support, is awarded without regard to entitlement or misconduct:

"Thus, under plaintiff's theory a spouse who may not be legally entitled to support could gain such support as well as counsel fees and costs by filing a divorce action, although not pursuing it for three years. This alternative to the expensively protracted litigation common in contested divorces under the prior law could neither have been contemplated nor sanctioned by the General Assembly when its established the effectuation of 'economic justice' as its

goal." Id. at 195. (Emphasis added.)

Also relevant to the court's deliberation were the remedial provisions of the Divorce Code relating to property rights, marital distribution and costs. P.S. 23, §401(e)(5) (Purdon Supp. 1985) (removes property disposed of in good faith for value prior to commencement of action from "marital property" classification); Id. §401(c) (power of court to issue injunctive relief); Id. §403(d) (voiding of third party encumbrances of marital property); and Id. §403(a) (injunction against disposition or removal of property pending suit). Such provisions, believed the court, made the date of commencement of the action crucial as it "could have a significant effect on the amount available for equitable distribution." 20 D.&C.3d at 195-96. Furthermore:

"The broad nature of those remedies could have a 'chilling' effect on the business endeavors of a respondent made subject to them. They, or even the threat of them, could serve as a restraint on the normal course of the respondent's business until a final disposition is made by the court . . . While the need for availability of such remedies should not be minimized, they represent a potent weapon which should not be available where the progress of the divorce action is actually impeded by the beneficiary of those remedies." Id. at 196. (Emphasis added.)

The court then concluded that irretrievable breakdown under section 201(c) is the basis of a divorce action. "[T]he plaintiff must be prepared to proceed within the minimum time permitted under applicable statute and rule," or be prepared to proceed without the advantages provided by the Divorce Code while the action is pending. Id. at 197.

Similarly, in Way v. Way, 16 Lyc. 109 (1985), the Lycoming County Court of Common Pleas indicated its intention "to prevent the spouse who has the

most to gain from the delay from using the delay to gain an economic advantage over the other spouse. Id. at 110. Moreover, the court affirmed that it has a responsibility to avoid delay and encourage speedy resolution of divorce actions in the interest of efficiency. Id. at 111. Accordingly, it was concluded that:

"Were we to permit a party, who has already admitted that the marriage is irretrievably broken, to delay the divorce proceedings without reason, we would be failing to properly exercise our responsibility to maintain the integrity of the court system and to 'make the law for legal dissolution of marriage effective for dealing with the realities of matrimonial experiences.'" Id. (quoting section 102 of the Divorce Code). See also Chang v. Chang, no. 82-554 (C.P. Lyc. 1983). Cf. Also Armstrong v. Armstrong, 16 Lyc. 138 (1985); Lamp v. Lamp, 31 D.&C.3d 194 (1984); Orr v. Orr, 315 Pa. Super. 168, 461 A.2d 850 (1983).

We are likewise persuaded that our obligation to prevent further delay and to effect the policies underlying the Pennsylvania Divorce Code necessitates our decision to expedite the resolution of this divorce action. Plaintiff must not be permitted to abuse the judicial process nor to employ economic extortion against defendant by imposing an interminable obligation to pay alimony pendente lite or threaten continuously the use of the court's equitable powers. Therefore, we enter the following

## ORDER

And now, this March 25, 1986, it is ordered and decreed that this action be dismissed and our previous order of alimony pendente lite be terminated 15 calendar days from the date of this order should plaintiff Darlene M. Burk fail to sign her affidavit of consent within this time period.