536 A.2d 453

**Jack F. DYER, Appellant,**

v.

**Joette DYER, Appellee.**

Superior Court of Pennsylvania.

Argued Dec. 3, 1987.

Filed Jan. 28, 1988.

Michael Collins, Williamsport, for appellant.

Harry V. Klein, Jr., Sunbury, for appellee.

Before OLSZEWSKI, DEL SOLE and JOHNSON, JJ.

OLSZEWSKI, Judge:

This is an appeal from the trial court's order awarding alimony pendente lite and permanent alimony to Joette Dyer. For the reasons stated below, we affirm the order of the trial court in part and reverse in part.

The parties to this action were married on March 24, 1973 and separated on September 10, 1974. During the marriage wife was employed full time earning slightly above minimum wage, while husband worked off and on as a laborer. The parties' standard of living during this period was below average. Following the separation, wife lost her job and began a series of hospitalizations for mental illness. Presently, wife's only income is Social Security disability benefits in the amount of $368 monthly.

Husband began working at a factory after the separation and has worked there off and on for thirteen years. In December, 1983 husband won $2.8 million in the Pennsylvania lottery, which he receives in 21 annual installments of approximately $110,000 each.

On January 24, 1983, husband filed a complaint in divorce and on October 11, 1983, he filed a Section 201(d) affidavit.[1] This complaint was reinstated October 28, 1983.

1. 23 P.S. Section 201(d) provides:

On February 14, 1984 husband filed an amended complaint. On March 27, 1984 this complaint was reinstated and a second Section 201(d) affidavit was filed.

On May 24, 1984 wife filed an answer to the amended complaint along with a counterclaim for alimony, alimony pendente lite, equitable distribution of marital property, counsel fees, costs and expenses. Wife also filed a counter-affidavit under Section 201(d) denying that the marriage was irretrievably broken.

A hearing was held on April 30, 1986, at which the trial court found that the marriage was irretrievably broken and that the parties had lived separate and apart for over three years. A final decree in divorce was entered on January 30, 1987. On the same day, the court entered an order directing husband to pay wife alimony in the amount of $500 per month for the remainder of her life unless she remarried. The husband was also directed to pay wife alimony pendente lite in the sum of $500 per month for the period of May 25, 1984 (the date of wife's answer and counterclaim) to the date of the entry of the divorce decree. Husband was also directed to pay wife an allowance for reasonable counsel fees. Both parties filed motions for post trial relief with husband taking exception to the awards of alimony and alimony pendente lite and wife claiming the awards should have been higher. On June 19, 1987, the trial court denied both parties' motions for post trial relief. The trial court did, however, modify the alimony award directing that such payments shall be increased to the extent that the Social Security disability benefits received by wife are reduced as a result of alimony payments providing, however, that such alimony payments shall not exceed $868 per month. The trial court also revised the alimony pendente lite award, making it retroactive to May 5, 1986, the date husband requested a hearing on the economic issues.

It shall be lawful for the court to grant a divorce where a party has filed a complaint and an affidavit alleging that the parties have lived separate and apart for a period of at least three years, and that the marriage is irretrievably broken ...

Both parties appeal from this final order. Wife contends that the awards of alimony and alimony pendente lite should have been higher and that the award of alimony pendente lite should be retroactive to the date her counterclaim was filed. Husband contends that the trial court erred in awarding alimony pendente lite and permanent alimony. We affirm all portions of the trial court's order except that portion pertaining to the retroactivity of the alimony pendente lite award. With respect to that portion of the trial court's order we reverse, holding that the award of alimony pendente lite is to be retroactive to the date of wife's counterclaim.

Preliminarily, we note that our standard of review with respect to orders awarding alimony and alimony pendente lite is limited to a determination of whether the trial court abused its discretion. *Remick v. Remick*, 310 Pa.Super. 23, 456 A.2d 163 (1983).

We now undertake a review of the parties' contentions beginning with that portion of the court's order awarding permanent alimony. Husband contends that an award of permanent alimony was error in light of the extremely brief duration of the marriage, the modest standard of living of the parties during the marriage, the length of the parties' separation, and the lack of a showing of need by wife. Husband also contends that the court erred in finding that wife is incapable of employment when the record shows that she was often the sole wage earner during the marriage and that any incapabilities are a result of her voluntary drug use. We find these contentions to be meritless.

Alimony is provided for by 23 P.S. § 501. Alimony is to be awarded based on actual need and ability to pay of the parties ... in order to "effectuate economic justice between [the] parties". 23 P.S. § 102(a)(6). In arriving at economic justice, 23 P.S. § 501 is to be applied in an non-mechanical fashion seeking to achieve a result which is compassionate and reasonable. *Pacella v. Pacella*, 342 Pa.Super. 178, 185–86, 492 A.2d 707, 711 (1985), *citing Geyer v. Geyer*, 310 Pa.Super. 456, 456 A.2d 1025 (1983). 23 P.S. § 501(b) sets

forth fourteen relevant factors which are to be considered by a trial court when determining whether alimony is necessary and the nature, amount, duration and manner of payment of alimony.

■ The trial court prepared a comprehensive opinion which gave extensive consideration to the factors set forth in 23 P.S. § 501, dealing with each of the fourteen factors separately. The court acknowledged the modest standard of living of the parties during the marriage along with the short duration of the marriage. 23 P.S. § 501(b)(5), (8). The trial court recognized however, the other considerations which highlighted the disparity between the parties' respective situations. Some of these considerations are as follows; (1) the relative earnings and earning capacities of the parties, 23 P.S. § 501(b)(1); (2) the ages and the physical, mental and emotional conditions of the parties, 23 P.S. § 501(b)(2); (3) the sources of income of both parties, 23 P.S. § 501(b)(3); (4) the relative assets and liabilities of the parties, 23 P.S. § 501(b)(10); and (5) the relative needs of the parties, 23 P.S. § 501(b)(13). After giving due consideration to these factors, as well as the other factors set forth in 23 P.S. § 501, the court determined that an award of permanent alimony was appropriate. We are satisfied that this is a just and proper award under the circumstances. Wife has limited education and work experience. Her medical history, along with her appearance and behavior at the hearing, convinced the court that her ability to provide for her reasonable needs through employment was completely lost. The fact that she worked during the marriage is irrelevant to the issue of whether she is now, or will be again, able to provide for herself. So too are the circumstances which brought about her present physical and mental condition. Presently wife's only source of income is Social Security disability benefits in the amount of $368 monthly. She has no financial expectancies.

By contrast, husband is in good health physically and mentally. He is able to work and his employment at the factory produced, in gross wages plus unemployment com-

pensation, a total of $19,713.19 in 1983, $16,579.00 in 1984 and $23,701.00 in 1985. In addition, husband's lottery winnings guarantee him a yearly income of $109,978.60, after federal withholding, until the year 2003.

In view of the facts set forth above, we find it unnecessary to disturb the trial court's finding in this regard. *Pacella v. Pacella*, 342 Pa.Super. 178, 492 A.2d 707 (1985) (award of permanent alimony appropriate).

■ Wife contends that the award of permanent alimony should have been greater. She contends that husband, as a result of his lottery winnings is able to pay a far larger award than the court directed and that although the award may appear generous, it is still less than ten percent of husband's income. In response to this, we note, as the trial court did, that the duration of the parties' marriage was very brief and that the standard of living of the parties' during the marriage was extremely modest. 23 P.S. § 501(b)(5), (8). Furthermore, husband's lottery winnings are his sole and separate property. They were not acquired during the marriage; therefore, they had no impact on the parties' standard of living. While it is true that the husband is in a far better financial position than wife, we cannot say that the trial court's award was an abuse of discretion.

The trial court's opinion was comprehensive and well reasoned. It displayed compassion for wife's situation. We are mindful of the intent of 23 P.S. § 501 to effectuate economic justice between the parties. *Pacella v. Pacella, supra.* We do not believe, however, that placing the parties on equal financial footing is the only way to achieve economic justice. A court must fashion an award based upon an evaluation of the relevant factors set forth in 23 P.S. § 501. The trial court did so in this case. We will therefore not disturb its award.

■ We now turn to that portion of the court's order pertaining to the award of alimony pendente lite. Alimony pendente lite is awarded after commencement of a divorce

action to enable the dependent spouse to maintain or defend the divorce litigation. *Prozzoly v. Prozzoly,* 327 Pa.Super. 326, 475 A.2d 820 (1984); *Orr v. Orr,* 315 Pa.Super. 168, 461 A.2d 850 (1983) (citations omitted); *Remick v. Remick, supra* (citations omitted). In determining whether the dependent spouse is placed at a disadvantage in pursuing the divorce litigation, the court should look to the ability to pay of the financially independent spouse, the separate estate and income of the dependent spouse, and the character, situation and surroundings of the parties. *See Orr v. Orr, supra* (citations omitted). A court may also take into account the considerations set forth in 23 P.S. § 501 "Alimony". *McNulty v. McNulty,* 347 Pa.Super. 363, 500 A.2d 876 (1985).

■ Husband contends that the award for alimony pendente lite should not have been granted in view of the fact that wife did not show herself to be financially dependent. We find this claim to be meritless. The trial court stated that the fact that wife is receiving Social Security disability benefits is sufficient proof of her inability to work. The court, after observing the wife on the witness stand, and taking into consideration her extensive history of institutionalization, found that she is totally unable to provide for her reasonable needs through employment and will never be able to support herself through appropriate employment again. (Trial court opinion at 7). Such a finding is entirely consistent with *Remick v. Remick, supra* (in reviewing husband's claim that wife had not proved that she was unable to support herself through appropriate employment, court found that wife's testimony regarding physical ailments and the fact that she received Social Security disability benefits to be sufficient evidence of such inability).

■ Wife contends that the award of alimony pendente lite should have been retroactive to the date of her counterclaim rather than the date husband requested a hearing on this issue. With respect to the retroactivity of the alimony pendente lite award, the trial court found that wife's boilerplate clause in her counterclaim for alimony pendente lite

was not sufficient as a genuine indicator of her intent. The court found that such claims are generally set forth as a routine matter of form. As the issue does not come before the court or master until a party requests a hearing, the trial court found that the alimony pendente lite award should be retroactive only until the date husband requested a hearing on the matter. We are not persuaded by the trial court's reasoning in this regard. Instead we feel that this issue should be determined in accordance with our ruling in *Barner v. Barner*, 364 Pa.Super. 1, 527 A.2d 122 (1987).

In *Barner*, this Court found that plaintiff's request for child support included with the divorce complaint sufficiently raised the claim for child support so that the order for support could be made retroactive to the date of the divorce complaint. We noted in *Barner* that Pennsylvania Rule of Civil Procedure 1920.13(b) provides the method for pleading more than one cause of action in a divorce proceeding:

(b) The plaintiff may

(1) join in the complaint in separate counts any other claims which may under the Divorce Code be joined with an action of divorce or for annulment or if they have not been so joined, the plaintiff may as of course amend the complaint to include such other claims or may file to the same term and number a separate supplemental complaint or complaints limited to such other claims;

Those claims which may be joined with an action of divorce under the Divorce Code 23 P.S. § 101 *et seq.* are set forth in 23 P.S. § 301:

(a) The courts of this Commonwealth as defined in section 104 shall have original jurisdiction in cases of divorce and for the annulment of void or voidable marriages and, where they have jurisdiction, shall determine in conjunction with any decree granting a divorce or annulment the following matters, where raised in the complaint or the answer and issue appropriate decrees or orders with reference thereto and may retain continuing jurisdiction thereof:

(footnote omitted)

(1) ... and the order of any alimony, alimony pendente lite, counsel fees, or costs authorized by law.

We find that wife properly raised her claim for alimony pendente lite when she filed her answer and counterclaim. The award for alimony pendente lite should, therefore, have been retroactive to the date of wife's counterclaim.

We are now left only with wife's contention that the award of alimony pendente lite should have been greater. We feel that our discussion responding to this same claim in connection with the alimony award is adequate response with respect to the present claim pertaining to the award of alimony pendente lite. We therefore affirm the order of the trial court in all respects except that pertaining to the retroactivity of the award of alimony pendente lite. We reverse that portion of the order and hold that the award of alimony pendente lite be retroactive to the date wife filed her counterclaim.