## Nothstein v. Nothstein

*David B. Shulman,* for plaintiff.
*Michael L. Ozalas,* for defendant.

LAVELLE, *P.J.,* December 10, 1991—Plaintiff, Margaret A. Nothstein has petitioned, in her divorce complaint, for an order of alimony pendente lite, counsel fees and costs to be entered against her husband, Richard L. Nothstein, during the pendency of the divorce. Wife commenced the divorce action against husband on September 10, 1990.

We will only consider and dispose of the claim for alimony pendente lite. We will consider counsel fees and costs once we are able to make a full determination pending final disposition of this case. *See* Rule 1920.52(c), Pa.R.C.P.

## FACTS OF CASE

The parties were married on September 23, 1978, and lived together as husband and wife until on or about the middle of September of 1990.

Husband is currently residing at the marital home with two of his children by a prior marriage at 526 Harvard Court, Palmerton, Carbon County. Wife currently resides in Massachusetts with a male companion.

Husband is 53 years old. He is employed as the manager of an IGA market. He owns a one-third interest and holds the position of director and secretary/treasurer in Golden Key KL Inc. which owns two IGA markets. His weekly salary is $1,040. Golden Key KL Inc. pays husband $650 per month as secretary-treasurer and $500 per month in directors fees. Husband was paid a bonus of $15,000 in 1990. In addition, husband received approximately

$8,000 in dividends in 1990. Husband's 1989 federal tax return showed adjusted gross income of $66,956.

Wife is 53 years old and is presently unemployed. Prior to the commencement of the divorce proceedings, she worked between 25 and 32 hours per week at the IGA market of husband and earned $7.90 per hour. Before working at the IGA market, wife was employed as a long-term substitute teacher. Wife has a B.S. in Education from Bloomsburg University, has a teaching certificate in New Jersey and is two credits short of receiving her teaching certificate in Pennsylvania.

Wife has no income and does not receive unemployment compensation, disability income or welfare from the government. Wife has not received any monetary support from husband since filing of the complaint. Wife is insured under husband's Blue Cross/Blue Shield. Wife received $218.75 per year from dividends in Blue Ridge Cable bonds.

Wife and husband have joint title to the Palmerton residence with a market value of $210,000 as of August 1, 1991. Husband has title to a Bahamas condominium, acquired in November 1985, with an estimated market value of $275,000. On July 31, 1989, husband acquired an interest in a condominium along with four other individuals (known as "Cinco Amigos") located in Istapa, Mexico.

In 1990, husband sold a lot located in Palmerton and took back a mortgage. He receives $180 a month as mortgagee. This money is placed into a Scutter AARP tax fund in husband's and wife's name.

## DISCUSSION

The Divorce Code of 1990, 23 Pa.C.S. §3101, *et seq.*, provides that "[i]n proper cases, upon petition, the court may allow a spouse reasonable alimony pendente lite. . . ." 23 Pa.C.S. §3702. Ali-

mony pendente lite is defined as "[a]n order for temporary support granted to à spouse during the pendency of a divorce or annulment proceeding. 23 Pa.C.S. §3103.

The Superior Court in *Dyer v. Dyer,* 370 Pa. Super. 377, 536 A.2d 453 (1988) stated:

"Alimony pendente lite is awarded after commencement of a divorce action to enable the dependent spouse to maintain or defend the divorce litigation. *Prozzoly v. Prozzoly,* 327 Pa. Super. 326, 475 A.2d 820 (1984); *Orr v. Orr,* 315 Pa. Super. 168, 461 A.2d 850 (1983); *Remick v. Remick,* 310 Pa. Super. 23, 456 A.2d 163 (1983). In determining whether the dependent spouse is placed at a disadvantage in pursuing the divorce litigation, the court should look to the ability to pay of the financially independent spouse, the separate estate and income of the dependent spouse, and the character, situation and surroundings of the parties. *See Orr v. Orr, supra.* A court may also take into account the considerations set forth in 23 P.S. §501 'Alimony.'* *McNulty v. McNulty,* 347 Pa. Super. 363, 500 A.2d 876 (1985)."

Alimony pendente lite is also designed to help the dependent spouse maintain the standard of living enjoyed while living with the dependent spouse. *DeMasi v. DeMasi,* 366 Pa. Super. 19, 530 A.2d 871 (1987)

Furthermore, the award of alimony pendente lite is within the sound discretion of the trial court. *Miller v. Miller,* 352 Pa. Super. 432, 508 A.2d 550 (1986)

In the instant case, the record persuades us that the wife is unable to maintain or defend the present divorce litigation. The wife's current income is

---

* 23 P.S. §501 was repealed in 1990. See now, 23 Pa.C.S. §3701.

negligible. She is currently living in Massachusetts with her boyfriend and is unable to procure employment.

Wife testified that she was employed as a substitute school teacher prior to and during the marriage. In 1982, husband and wife agreed that wife would begin employment at the IGA store managed by husband. From 1982 until their separation in 1990 the wife worked at the IGA store for $7.90 per hour. Wife became dependent on husband during this eight-year period for her employment and income.

This arrangement benefited both parties. Husband and wife were able to acquire a beautiful four bedroom home with a swimming pool; properties in the Bahamas and Mexico; and extensive household furnishings and other luxuries.

When the marriage dissolved, wife found herself eight years out of the teaching profession at the age of 53.

Husband raises three reasons for denying wife alimony pendente lite. We will discuss each seriatim.

First, husband states that his legitimate expenses exceed his income. Husband argues that his mortgage payments on the marital home is $1,400 a month; taxes on the home are $5,000 a year; and maintenance and fuel expenses exceed $5,000 a year. Husband further argues that the expenses on the Bahamas and Mexico properties exceed the income generated. He states that the loss on the Bahamas property was $25,000 and his loss on the Mexican property was $1,600.

In *DeMasi v. DeMasi, supra,* the court addressed this same argument and held that the wife's absence from the marital residence should not affect her right to husband's maintenance of the house until equitable distribution. The court went on to say that

"[h]usband overlooks the fact that he resided in the home for two years following wife's departure. Therefore, his payment of the mortgage, taxes and insurance was not entirely for wife's benefit; he enjoyed the house for two years as he had shelter and preserved a valuable asset for equitable distribution." *Id.*

Similarly, wife needs husband's support to preserve the marital residence pending its equitable distribution. Husband has lived in the marital residence for one and one-half years since wife's departure and his payment of the mortgage, taxes and expenses on the properties are for his benefit as he is preserving valuable assets for equitable distribution. His children from a previous marriage also live in the house and pay no rent.

It is therefore "appropriate and equitable for [husband], earning a higher income, to maintain the residence." *Id.*

Husband further argues that the $15,000 bonus he receives should not be considered personal income because it is used to purchase an insurance plan in which the owners of Golden K.L. Inc. cross insure each other for the protection of themselves and the business and is not available for his personal use. We agree.

The $15,000 bonus does not increase the defendant's standard of living and is a legitimate business expense. Therefore, it should not be considered for purposes of alimony pendente lite. *See Commonwealth v. Gitman,* 428 Pa. 387, 237 A.2d 181 (1967).

The third argument husband raises concerns wife's efforts to gain employment. Husband argues and the record supports that wife has a B.S. degree from Bloomsburg University and a teaching certificate in New Jersey which she received in 1959. Wife is currently residing with her friend, Richard Wil-

liams, in Massachusetts and should be looking for a job in New Jersey or in Pennsylvania where she was a substitute teacher.

The court cannot and will not tell wife where she can and cannot reside. The fact is wife is living in Massachusetts. She stated, and there is no evidence to the contrary, that she sought employment in Massachusetts; she tried to get substitute teaching but there were no positions available for tutoring or teaching.

Wife has been out of the teaching profession for eight years. During this time, wife was in the employ of husband. She now finds herself in a position of seeking employment at an age when most people begin to contemplate retirement.

Furthermore, wife is not required to seek "any" employment, but only "appropriate" employment commensurate with her skills and training. *Cf. McNulty v. McNulty,* 347 Pa. Super. 363, 500 A.2d 876 (1985). We find that wife is unable to support herself through appropriate employment.

Finally, husband argues that wife should not be awarded alimony pendente lite because she is residing with a male friend, Richard Williams, who helps defer her living expenses. Husband asks this court to consider that Richard Williams provides a household for wife at no cost to her and should preclude an award of alimony pendente lite.

Initially, we note that it has been held that "cohabitation" does not bar an award of alimony pendente lite. *Miller v. Miller,* 352 Pa. Super. 432, 508 A.2d 550 (1986); *McKelvey v. McKelvey,* 16 D.&C.3d 611 (1980). Wife felt that she could not continue to reside in the marital residence because she was getting sick; her ulcer was acting up and started to bleed; and she was very depressed. She asked Richard Williams, a high school classmate,

for his help. Wife further stated that she is living with Richard Williams rent free because she cannot afford an apartment on her own. She does contribute food.

We believe it is appropriate to consider the fact wife is living rent free in considering an award of alimony pendente lite. A fair and reasonable amount of rent for wife in today's real estate market in Massachusetts would not be less than $600 a month. Husband should not be required to provide rental and living expenses when wife is enjoying the use of a home rent free.

In structuring an award of alimony pendente lite we set husband's yearly income at $75,880. We arrive at this figure as follows:

(a) Weekly salary of $1040 at     $54,000 per year
(b) $650 per month director fees   $7,800 per year
(c) $500 per month officer fees    $6,000 per year
(d) $8,000 in dividends for 1990   $8,000 per year
(e) $15,000 bonus                $15,000 per year
                               $90,880 per year
         Minus   $15,000 bonus
                               $75,880 per year

Wife's income contrasts starkly with that of husband. She is living on $3,000 she took from a tax free Dreyfuss account when she separated from husband. She receives $218.75 a year as dividend income.

Wife has further expenses consisting of $292.05 for monthly car payments for a 1990 Ford Probe acquired during the marriage; and $175 per month for medication for her ulcer, hysterectomy and depression.

We find that at the present wife is dependent upon husband for her financial upkeep.

Husband's monthly income is $6,250 ($75,000 divided by 12 months). Approximately one-third of

husband's income would equal $2,062 per month. *See Orr v. Orr, supra; DeMasi· v. DeMasi, supra.* We shall deduct from this· the wife's estimated rent of $600 per·month and award wife alimony pendente lite in the amount of $1,400 per month. This is a fair and reasonable amount under the circumstances presented. Husband will still retain considerable income while wife will be able to provide for her living expenses and the cost of maintaining the present litigation.

The award of alimony pendente lite. shall be retroactive to the date of the filing of the claim on September 10, 1990. *See Orr v. Orr,* 315 Pa. Super. 168, 461 A.2d 850 (1983).

Accordingly, we enter the following

## ORDER

And now, December 10, 1991, the claim for alimony pendente lite is granted and, Richard Noth-stein, is hereby ordered to pay to Margaret Noth-stein, alimony pendente lite in the amount of.$1,400 per month, retroactive to September 10, 1990, and continuing until a decree of divorce is entered.