## Leshem v. Leshem

*Linda Kling,* for plaintiff.
*John F. Pyfer Jr.,* for defendant.

HUMMER, *J.,* March 13, 1992—Before the court are Sandra K. Leshem's petition for relief requesting that the domestic relations hearing officer make a recommendation upon her petition for child and spousal support, as well as a claim for alimony pendente lite; and Lewis L. Leshem's preliminary objections alleging

a lack of jurisdiction over him in that the filing in the Domestic Relations Office was a separate complaint requiring service upon him as in original process. It is admitted by the parties that notice of the support conference was given to Mr. Leshem's attorney of record in the divorce action filed by him.

Lewis Leshem filed a divorce action in Lancaster County raising no claims. No questions as to jurisdiction have been raised as to this divorce action. In fact, Sandra Leshem filed a counter-claim raising claims of spousal and child support as well as requesting alimony and alimony pendente lite. No objections as to jurisdiction, venue, or service have been raised as to this counterclaim and the joined claims for support and alimony pendente lite.

Thereafter, as in practically every case wherein the claims of support and alimony pendente lite are raised in a divorce action, a complaint or petition was filed in the Domestic Relations Office in order to obtain an order for support and/or alimony pendente lite. Mr. Leshem, through his attorney, has raised a jurisdictional question asserting that the filing in DRO is a separate complaint or original process and service of notice of a conference was improper when made upon counsel for him in the divorce action.

As explained in the 1981 explanatory note to Pa.R.C.P. 1910.1:

"All actions or proceedings to enforce a duty of support whether that duty arises from common law, statute or agreement of the parties will be governed by these rules. These rules will provide the complete procedure for all such actions of support. The prac-

titioner need not refer to any other source, except for substantive law or administrative procedure."

By employing the format set forth in Pa.R.C.P. 1910.26(a) for her petition for support, Mrs. Leshem was following the procedural method adopted by our Supreme Court for enforcing a duty of support. Mr. Leshem's assertion that this acted to make the petition a separate complaint for support or alimony pendente lite is meritless in view of Mrs. Leshem's right under Pa.R.C.P. 1920.13(b) to bring such claims in her counterclaim in the divorce action. *Barner v. Barner*, 364 Pa. Super. 1, 527 A.2d 122 (1987); *Dyer v. Dyer*, 370 Pa. Super. 377, 536 A.2d 453 (1988).

Mrs. Leshem resides in Lancaster County which is the county in which the last family domicile was located. Notice of the support conference was properly given and the hearing officer may have sufficient information with which to make a recommended order. However, the support conference was aborted because of the jurisdictional dispute and the hearing officer may need additional input, particularly as to the effective date of an order which could be as early as the date that the support and alimony pendente lite claims were raised in the divorce action.

For the above reasons, the following order will be entered.

## ORDER

And now, March 13, 1992, upon consideration of Sandra K. Leshem's petition for special relief; Lewis L. Leshem's preliminary objections raising jurisdiction, as well as the briefs submitted by the parties, said pre-

liminary objections are dismissed. The hearing officer is directed to make a recommendation according to the procedural rules, or, in the alternative, schedule and hold another conference after which a recommendation shall be made and submitted to the court. Of particular interest to the court will be the effective date of any recommended order.