J-A12025-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| SHARON S. MALONEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW MALONEY | : | |
| | : | |
| Appellant | : | No. 1348 WDA 2018 |

Appeal from the Decree Entered August 20, 2018
In the Court of Common Pleas of Allegheny County Family Court at
No(s): FD15-004244-008

BEFORE: BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY DUBOW, J.: **FILED OCTOBER 25, 2019**

Appellant, Matthew Maloney ("Husband"), appeals the August 20, 2018 Divorce Decree which, *inter alia*, provided for the equitable distribution of the marital assets of Husband and Appellee, Sharon S. Maloney ("Wife"), and ordered Husband to pay Wife $5,000 per month in alimony until Wife turns 60 years old and then $2,000 a month until Wife turns 65 years old. After careful review, we affirm.

The parties are both familiar with the extensive procedural and factual history in this case, and we need not restate them in detail. Briefly, Husband and Wife married in 1992, which was a first marriage for both parties. Husband and Wife are parents to two teenaged daughters. After 22 years of marriage, Husband and Wife separated in 2014. On January 27, 2016, Wife filed a Complaint in Divorce.

Husband is 53 years old and in good health. Husband has a Bachelor of Science degree in Business Administration and works in the financial services industry. Husband worked for Morgan Stanley for over 26 years until his termination in October 2015, where he earned over $300,000 annually with additional bonuses that increased his annual income to approximately $1,000,000 in 2014. From May 2016 until present, Husband has worked for Charles Schwab, where he earns an annual base salary of $245,000 plus benefits and incentives.

Wife is 55 years old and in good health. Wife earned an Associates Degree in Accounting in 1991 and has a cosmetology license that is valid in the state of Florida.

In 1996, the parties agreed that Wife would stay at home to care for their two daughters while Husband worked outside of the home. During the marriage, the parties often relocated due to husband's career development, living in Florida, New Jersey, Virginia, Ohio, and ultimately settling in Pennsylvania. Wife continues to live in the marital home, and the two children reside primarily with Wife.

Since 1996, Wife has not worked full-time outside of the home. In January 2017, Wife took a part-time counter position at a friend's McDonald's franchise for $8.25 per hour. In March 2017, Wife began doing part-time customer service work for the company, earning an increased hourly wage of $9.75 per hour.

After a Special Master's Hearing, the Master filed a Report and Recommendation on May 17, 2017, and an Amended Report and Recommendation on September 11, 2017, that recommended, *inter alia*, awarding Wife 60% and Husband 40% of the marital property, granting Wife's request for alimony, and ordering Husband to pay Wife $3,000 per month in alimony until April 1, 2024. Wife filed timely Exceptions to the reports, averring, *inter alia*, that the Master erred in 1) determining Wife's earning capacity and 2) calculating the amount and duration of Husband's monthly alimony obligation. Husband filed timely Cross-Exceptions to the reports.

On May 8, 2018, the trial court sustained in part Husband's Cross-Exceptions, sustained in part Wife's Exceptions and, *inter alia*, ordered Husband to pay Wife alimony of $5,000 per month until Wife reaches the age of 60 and then reducing the alimony obligation to $2,000 per month until Wife reaches the age of 65. On August 20, 2018, the trial court entered a Divorce Decree.

Husband timely appealed. Both Husband and the trial court complied with Pa.R.A.P. 1925.

Husband raises the following issues on appeal:

1. Whether the trial court committed an abuse of discretion and an error of law in increasing the alimony award recommended by the Master from $3,000 per month for seven (7) years to $5,000 per month for seven (7) years and further by adding an additional five (5) years of alimony at $2,000 per month effectively increasing the total alimony award paid to Wife from $252,000 to $540,000.

- 3 -

2. Whether the trial court abused its discretion in completely disregarding the credibility finding of the Master with regard to the testimony of Husband's vocational expert, Donna Kulick, Ph.D. C.R.C., CDMS [*sic*] who testified Wife had an earning capacity of $34,000 per year from January 1, 2016 forward.

3. Whether the trial court committed an error of law or abused its discretion in failing to give Husband credit for the alimony *pendente lite* ["APL"] he paid from the date of the first Master's Report and Recommendation until the date of the Amended Master's Report and Recommendation.

4. Whether the trial court committed an error of law and an abuse of discretion by failing to give Husband credit for alimony [APL] he paid for a period of five (5) months and four (4) days per Paragraph 2 of this court's Order of June 28, 2016 [] which was issued due to Wife's deliberate delay in filing her Affidavit of Consent so that the matter could proceed to equitable distribution and a final alimony determination.

5. Whether the trial court erred in failing to properly consider that the alimony awarded to Wife may not fall under the exception to the Tax Cuts and Jobs Act and therefore Husband's alimony award may not benefit from the former laws providing a tax deduction for the same.

6. Given that the trial court erred in its findings as to Wife's earning capacity above, whether the trial court's alimony *pendente lite* and child support calculations for 2016 and 2017 are commensurately overstated.[1]

Husband's Br. at 8-9 (reordered for ease of disposition).

---

[1] Husband has identified this claim on appeal, but has failed to develop it in his Brief. Accordingly, we consider this issue to be abandoned and, therefore, waived. ***See Commonwealth v. Rodgers***, 605 A.2d 1228, 1239 (Pa. Super. 1992) (holding that an issue is abandoned, and therefore waived, where an appellant has identified the claim on appeal but has failed to develop it in his brief).

Our standard of review in spousal support cases is well settled: this Court must determine whether the trial court has abused its discretion. *Dudas v. Pietrzykowski*, 849 A.2d 582, 585 (Pa. Super. 2004). "Absent an abuse of discretion or insufficient evidence to sustain the support order, this Court will not interfere with the broad discretion afforded the trial court." *Dalrymple v. Kilishek*, 920 A.2d 1275, 1278 (Pa. Super. 2007) (citation and quotation omitted). An abuse of discretion is not merely an error of judgment, but rather a determination that the trial court has "misapplied the law, or has exercised judgment which is manifestly unreasonable, or the product of partiality, prejudice, bias or ill will as demonstrated by the evidence of record." *Dudas, supra* at 585 (citation and quotation omitted).

It is within the trial court's discretion to weigh the evidence and determine credibility and this Court will not reverse those determinations as long as the evidence in the record supports them. *Cook v. Cook*, 186 A.3d 1015, 1021–22 (Pa. Super. 2018). Finally, we note that a Master's report and recommendation is only advisory, but it should be "given the fullest consideration, particularly on the question of credibility of witnesses, because the master has the opportunity to observe and assess the behavior and demeanor of the parties." *Childress v. Bogosian*, 12 A.3d 448, 455–56 (Pa. Super. 2011).

In his first issue, Husband challenges the trial court's alimony award, which requires him to pay $5,000 per month to Wife for the next seven years and then $2,000 per month for five additional years. Husband's Br. at 19.

Husband argues that the trial court failed to consider all 17 of the alimony factors set forth in Section 3701 of the Divorce Code, and the equitable distribution scheme that awarded 60% of the marital assets to Wife, when it fashioned its alimony award. *Id.* at 20-26. Husband contends that the trial court erred in increasing the duration and amount of the alimony award recommended by the Master, and that the trial court failed to consider Wife's retirement benefits and analyze Wife's reasonable needs. *Id.* at 26-40. Finally, Husband asserts that the alimony award is punitive to Husband. *Id.* at 40. This issue lacks merit.

Section 3701 of the Divorce Code provides, *inter alia*, that when a trial court determines "whether alimony is necessary" and "the nature, amount, duration and manner of payment of alimony, the court shall consider all relevant factors," including the seventeen factors prescribed in 23 Pa.C.S. § 3701(b)(1)-(17). 23 Pa.C.S. § 3701. The purpose of alimony is not to reward or punish the parties, but rather "to ensure that the reasonable needs of the person who is unable to support himself or herself through appropriate employment, are met." *Isralsky v. Isralsky*, 824 A.2d 1178, 1188 (Pa. Super. 2003) (citation omitted). "Alimony is based upon reasonable needs in accordance with the lifestyle and standard of living established by the parties during the marriage, as well as the payor's ability to pay." *Id.* (citations and internal quotation marks omitted). "Following divorce, alimony provides a secondary remedy and is available only where economic justice

and the reasonable needs of the parties cannot be achieved by way of an equitable distribution." **Balicki v. Balicki**, 4 A.3d 654, 659 (Pa. Super. 2010).

In this case, the trial court evaluated all of the Section 3701 alimony factors and placed significant importance on the parties earnings and earning capacities, the ages and emotional conditions of the parties, the duration of the marriage, the contribution of Wife to the increased earning power of Husband, the standard of living during marriage, and the contribution of Wife as homemaker. Trial Ct. Op., filed 12/27/18, at 8 (citing 23 Pa.C.S. § 3701). The trial court recognized that alimony was a "secondary and need based remedy[.]" **Id.** at 7-8. The court rejected what it considered to be Wife's "exaggerated" budget, analyzed her actual reasonable needs, and determined that she was entitled to alimony in addition to the equitable distribution scheme that awarded 60% of the marital assets to Wife. **Id.** at 9.

The trial court opined:

Here, Wife earns less than a tenth of what Husband does, even if imputed with the earning capacity Husband suggests. She is reentering the workforce in her fifties, without a significant work history, after decades as a homemaker. The marriage lasted 22 years. Wife relocated numerous times as Husband was transferred or obtained new positions, thus assisted Husband in his career growth. Husband was a high earner and the parties established a relatively high standard of living during the marriage.

Importantly, Wife is, and has historically been, the primary caregiver for the parties' children and, even though those children are in their teens, there was no evidence introduced that Husband did not agree with Wife remaining a stay at home mother to those children during the marriage. That status played a part in Wife's

- 7 -

unwillingness to seek employment after separation and will impact her career choices going forward.

In order to help meet her future needs, Wife was entitled to alimony in addition to being awarded a greater share of the estate. Additionally, considering his significant income Husband's ability to pay alimony to Wife is unquestionable.

*Id.*

The trial court also contemplated both the age that Wife will be able to access retirement funds without penalty, which is 60 years of age, and the age that Wife will be entitled to Medicare, which is 65 years of age, when fashioning the duration of the award. *Id.*

After considering the equitable distribution award and determining that alimony was necessary based on Wife's reasonable needs, the trial court awarded Wife $5,000 per month in alimony until she reaches age 60 and then $2,000 per month until she reaches age 65. *Id.* Our review of the record supports the trial court's findings and we find no abuse of discretion.

In his second issue, Husband avers that the trial court abused its discretion in completely disregarding the credibility finding of the Master with regard to the testimony of Husband's vocational expert, Dr. Kulick, who testified Wife had an earning capacity of approximately $16.75 per hour. Husband's Br. at 40. Husband, however, failed to cite any legal authority and provide legal analysis to support his argument. *See* Pa.R.A.P. 2119(b). Accordingly, this issue is waived. *See Jones v. Jones*, 878 A.2d 86, 91 (Pa. Super. Ct. 2005) ("Where the appellant has failed to cite any authority in support of a contention, the claim is waived").

In his next issue, Husband avers that the trial court erred in not giving him a credit for the APL he paid from the date of the first Master's Report to the Master's Amended Recommendation. Husband's Br. at 45. Husband argues that even though both parties participated in a Master's conciliation conference to attempt to resolve areas of dispute, Wife still filed exceptions to many of the issues the Master attempted to resolve and delayed proceedings. *Id.*

The amount of APL awarded is within the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion. *Cook* 186 A.3d at 1023. APL is "[a]n order for temporary support granted to a spouse during the pendency of a divorce or annulment proceeding." 23 Pa.C.S. § 3103. This Court has stated that "the purpose of APL is to provide the dependent spouse equal standing during the course of the divorce proceeding[.]" *Schenk v. Schenk*, 880 A.2d 633, 644 (Pa. Super. 2005). "APL focuses on the ability of the individual who receives the APL during the course of the litigation to defend her/himself, and the only issue is whether the amount is reasonable for the purpose, which turns on the economic resources available to the spouse." *Id.* at 644-45 (citations omitted). "In ruling on a claim for [APL], the court should consider the following factors: the ability of the other party to pay; the separate estate and income of the petitioning party; and the character, situation, and surroundings of the parties." *Childress,* 12 A.3d at 463 (citations omitted). An award of APL

should not cause the spouse to delay divorce proceedings. *Orr v. Orr*, 461 A.2d 850, 853 n.2 (Pa. Super. 1983).

While Husband argues that it was Wife who delayed proceedings between the Master's Report and Amended Report, the trial court explicitly rejected that argument and made a finding that it was actually Husband who delayed proceedings. *See* Trial Ct. Op. at 9-10. The trial court opined:

> [It was] Husband who requested that the Master "correct" errors in the original report and hold a conciliation. Husband also requested settlement [negotiations] after both parties filed exceptions and then requested an extension of time for filing briefs. Wife did nothing to drag out the litigation which would require that Husband be given a credit for APL paid during that time.

*Id.* The record supports the trial court's findings and we decline to find an abuse of discretion.

Husband next avers that the trial court erred when it failed to give him credit for the approximately five months of APL he paid between the 91st day after Wife served her Divorce Complaint, April 28, 2016, and the date of the first Equitable Distribution Conciliation on October 4, 2016, alleging that Wife refused to file her Affidavit of Consent which delayed the proceedings. Husband's Br. at 44. We find this issue to be waived.

Pennsylvania Rule of Appellate Procedure 1925 provides that a Rule 1925(b) statement "shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge." Pa.R.A.P. 1925(b)(4)(ii). The Rule 1925(b) Statement

"must be specific enough for the trial court to identify and address the issues an appellant wishes to raise on appeal." *In re A.B.*, 63 A.3d 345, 350 (Pa. Super. 2013). A Rule 1925(b) Statement that is too vague to allow the trial court to identify the issue raised on appeal is the functional equivalent of no Rule 1925(b) Statement and this Court may find waiver. *Id.*; Pa.R.A.P. 1925(b)(4)(vii).

In his Rule 1925(b) Statement, Appellant identified this issue as follows: "The trial court erred by failing to give Husband credit for the 5 months, 4 days of APL per Order of Court dated June 28, 2017." Rule 1925(b) Statement, 10/9/18, at ¶ 6. In response, the trial court opined: "Husband also raises a June 28, 2017 Order in which he claims I did not give him credit for certain APL payments. A review of the docket reveals no Order of that date but I did order the continuation of APL by way of a July 6th Order docketed at Document 82 in which I ordered that APL continue until the resolution of the case." Trial Ct. Op. at 10. Our review of the record, likewise, reveals that the trial court did not issue an order on that date. Without more specificity, the Rule 1925(b) Statement was too vague to allow the trial court to identify the issue raised on appeal, namely, that Wife delayed proceedings between the 91st day after Wife served her Divorce Complaint, April 28, 2016, and the date of the first Equitable Distribution Conciliation on October 4, 2016. *See* Husband's Br. at 4. Accordingly, this issue is waived.

In his final issue, Husband avers that under the Tax Cuts and Jobs Act ("TCJA"), effective January 1, 2019, he loses his ability to deduct his alimony

payments from his taxable income and that deduction should be preserved if this Court should reverse and remand the August 20, 2018 Divorce Decree. Husband's Br. at 46-47.

The TCJA eliminates tax deductions for alimony payments for divorce decrees executed after December 31, 2018 or "executed on or before such date and modified after such date if the modification expressly provides that the amendments made by this section apply to such modification." Tax Cuts and Jobs Act of 2017, P.L. 115-97, December 22, 2017, § 11051. The parties' August 20, 2018 Divorce Decree does not fall into either of those categories. Because this Court is affirming the August 20, 2018 Divorce Decree, this issue is moot.

Decree affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2019